1 MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: John D. Nibbelin, Deputy (SBN 184603)
2 By: Rebecca M. Archer, Deputy (SBN 202743)
Hall of Justice and Records
3 400 County Center, 6th Floor
Redwood City, CA 94063
4 Telephone: (650) 363-4757
Facsimile: (650) 363-4034

Attorneys for Defendants
COUNTY OF SAN MATEO, ROBERT
FOUCRAULT, individually and as Coroner, SAN
MATEO COUNTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISOLINA PICON, | Case No. 08-0766 JCS |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| vs. | |
| COUNTY OF SAN MATEO, ROBERT FOUCRAULT, individual and as Coroner, SAN MATEO COUNTY | Hearing: |
| Defendants. | Date: April 4, 2008<br>Time: 9:00 a.m.<br>Dept: *Reassignment Pending* |

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................................................................................................2

II. ALLEGATIONS OF COMPLAINT ........................................................................................3

III. ARGUMENT ..............................................................................................................................4

    A. Standard of Review................................................................................................................4

    B. Plaintiff Fails To State A Cause Of Action For Breach Of The Right To Control The Disposition Of The Remains Of A Deceased Person. ..............................................5

    C. The Complaint Fails to State A Cause of Action Because The County and the Coroner Are Immune From Liability Under the California Tort Claims Act....................9

    D. Plaintiff Fails to State a Cause of Action For Breach of a Mandatory Duty. ..................10

        1. Neither Government Code § 27491.4(a) nor § 27491.45(a)(2) Imposes a Mandatory Duty on the Coroner. ...................................................................11

    E. Plaintiff Does Not State a Cause of Action For Negligence............................................12

    F. Plaintiff Does Not State a Cause of Action Under 42 U.S.C. § 1983..............................12

        1. Plaintiff Does Not Identify a Constitutionally-Cognizable Property Right.........12

        2. The Coroner is Entitled to Qualified Immunity ...................................................13

IV. IV. CONCLUSION....................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**California Cases**

*Christiansen v. Superior Ct.*
  54 Cal.3d 868 (1991) .................................................................................................7

*Creason v. Department of Health Services*
  18 Cal.4th 623 (1998) ...............................................................................................10

*Currier v. County of San Diego*
  216 Cal. App. 2d 595 (1963) .................................................................................8, 14

*Enos v. Snyder*
  131 Cal. 68 (1900) ......................................................................................................5

*Gray v. Southern Pac. Co.*
  21 Cal.App.2d 240 (1937) ...............................................................................5, 7, 8, 9

*Haggis v. City of Los Angeles*
  22 Cal.4th 490 (2000) ...............................................................................................10

*Hunt v. Board of Chiropractic Examiners*
  87 Cal.App.2d 98 (1948) ............................................................................................9

*Huntley v. Zurich*
  100 Cal.App. 201 (1929) ........................................................................................5, 8

*Keyes v. Santa Clara Valley Water Distr.*
  128 Cal.App.3d 882 (1982) ......................................................................................10

*Lehto v. City of Oxnard*
  171 Cal. App. 3d 285, 292 (1985) ............................................................................10

*Morris v. County of Marin*
  18 Cal.3d 901 (1977) ................................................................................................10

*Sheehy v. Roman Catholic Archbishop*
  49 Cal. App. 2d 537 (1942) ........................................................................................3

*Tolan v. State*
  100 Cal.App.3d 980 (1979) ......................................................................................12

*Washington v. County of Contra* Costa,
  38 Cal.App.4th 890 (1995) ..................................................................................10, 11

1 **TABLE OF AUTHORITIES: (continued)** **Page(s)**

**Federal Cases**

*Act-Up!/Portland v. Bagley*
    988 F.2d 868 (9th Cir. 1993) ..................................................................................................13

*Anderson v. Creighton*
    483 U.S 635 (1987)..................................................................................................................13

*Bell Atlantic Corp. v. Twombly*
    __ U.S. __, 127 S. Ct. 1955 (2007).........................................................................................5

*Conley v. Gibson*
    355 U.S. 41 (1957)....................................................................................................................5

*Davis v. Scherer*
    468 U.S. 183 (1984)................................................................................................................13

*De la Cruz v. Tormey*
    582 F.2d 45 (9th Cir. 1978) .....................................................................................................4

*Harlow v. Fitzgerald*
    457 U.S. 800 (1982)................................................................................................................13

*Moore v. City of Costa Mesa*
    886 F.2d 260 (9th Cir. 1989) ...................................................................................................5

*N.L. Industries, Inc. v. Kaplan*
    792 F.2d 896 (9th Cir. 1986) ...................................................................................................4

*Newman v. Sathyavaglswaran*
    287 F.3d 786 (9th Cir. 2002) ...........................................................................................7, 8, 9

*Portman v. County of Santa Clara*
    995 F.2d 898, 904 (9th Cir. 1993) ...................................................................................12, 13

*Sabow v. United States*
    93 F.3d 1445 (9th Cir. 1996) ...................................................................................................7

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ................................................................................................4, 5

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ...................................................................................................4

*Walter v. Drayson*
    496 F. Supp. 2d 1162 (D. Hawaii 2006) .................................................................................4

**TABLE OF AUTHORITIES: (continued)**                                                                            **Page(s)**

**California Statutes**

Goverment Code
  § 815.2(b) .................................................................................................................................10
  § 815.6 ................................................................................................................................2, 12
  § 820.2 .........................................................................................................................3, 9, 12, 14
  § 27491 ........................................................................................................................... passim
  § 27491.4 ............................................................................................................................3, 6, 11
  § 27491.4(a) .................................................................................................................2, 10, 11, 13
  § 27491.45 ..............................................................................................................................3
  § 27491.45(a)(1) ............................................................................................................2, 6, 12, 13
  § 27491.45(a)(2) .................................................................................................................10, 11
  § 27491.47(a) ......................................................................................................................... 7, 8

Health and Safety Code
  § 7150.1 subdivision (g) ............................................................................................................6

**Federal Statutes**

42 USC §1983 ................................................................................................................2, 3, 12, 13

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................1, 4, 5

Federal Rules of Civil Procedure 10(c) ..........................................................................................4

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 4, 2008, at 9:30 a.m., or as soon thereafter as this matter may be heard in a Department of the above-entitled Court to be assigned, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendants COUNTY OF SAN MATEO and ROBERT FOUCRAULT will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of each cause of action in the First Amended Complaint, on the grounds that plaintiff fails to state a cause of action upon which relief can be granted because: 1) plaintiff has no property interest in any organ retained by defendants in the course of a lawfully-conducted autopsy; 2) defendants had no mandatory duty to inform plaintiff or secure her consent when retaining organs while conducting a lawful autopsy; 3) plaintiff cannot state a cause of action for negligence because defendants breached no duty owed to plaintiff; 4) plaintiff has no constitutionally protected property interest in organs retained by defendants during an autopsy; 5) defendants are absolutely immune under California law for discretionary actions undertaken in the course of the performance of their duties; and 6) the Coroner enjoys qualified immunity because, assuming that plaintiff can articulate a constitutionally protected property interest, it was not "clearly established" at the time of the events giving rise to this action.

This Motion is based on this Notice of Motion and Motion and the attached Memorandum of Points and Authorities filed herewith, all papers and pleadings on file herewith, and such oral and written argument and evidence as may be presented at the hearing on this Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's son, Nicholas Picon, died suddenly on October 25, 2006 at the age of 23 as a result of a heart condition. The San Mateo County Coroner's office investigated his death and performed an autopsy. When conducting an autopsy of plaintiff's son, the County Coroner retained his heart to further investigate the cause of death. Plaintiff claims that she was not informed, and did not discover, that the heart was missing until after she had buried her son on October 30, 2006. After she requested it, the heart was returned to her. Plaintiff brings four causes of action against the County and the Coroner: 1) denial of an alleged "quasi-property" right, under California state law, to control the disposition of remains of a deceased person, which she construes to include organs retained by a coroner in the course of a lawful autopsy; 2) breach of a mandatory duty under section 815.6 of the California Government Code; 3) negligence; and 4) unconstitutional deprivation of property under section 1983 of Title 42 of the United States Code. Each of these claims, however, fails to state a cause of action against either the County or the Coroner.

The gravamen of plaintiff's complaint is that the Coroner should not have retained her son's heart without first notifying her and obtaining her consent to do so. However, under California law, the Coroner has no obligation to notify or obtain consent of the next of kin in order to remove or retain organs for the purposes of his investigation. Indeed, the converse is true: the Coroner has the statutory *right – without* notifying or obtaining the consent of the next-of-kin – to (1) "retain only those tissues of the body removed at the time of the autopsy as may, in his or her opinion, be necessary or advisable to the inquiry into the case, or for the verification of his or her findings" and (2) "retain parts of the body … removed at the time of the autopsy or acquired during a coroner's investigation as may, in the opinion of the coroner, be necessary or advisable for scientific investigation and training." Cal. Gov. Code §§ 27491.4(a), 27491.45(a)(1).

Plaintiff's first cause of action for denial of the right to control the disposition of remains of a deceased person is fatally flawed because plaintiff acknowledges that the Coroner fulfilled his obligation to return the body for purposes of burial. That is all that the law requires. There is no right to bury a fully intact body when the coroner has removed organs to investigate the cause of death. Due to the nature of

an autopsy, such a requirement would be impossible to satisfy.  Her second cause of action for breach of a mandatory duty is similarly deficient.  The statutes cited in plaintiff's complaint, which allegedly form the basis for this action – Government Code §§ 27491.4 and 27491.45 – do not impose *any* mandatory duty on the Coroner or the County.  Indeed, as explained above, the cited sections actually *vest* the Coroner with the authority to act as he did in this case.  Her third cause of action for negligence fails because plaintiff has not and cannot allege any duty to her that has been breached by defendants.  Moreover, as to each State law-based cause of action, the Coroner, and the County, as his employer, are immune to suit for the exercise of his discretion under the Government Code.  Cal. Gov't Code § 820.2.

Finally, as to plaintiff's section 1983 claim, she fails to identify a cognizable property right existing under California law that is entitled to protection under the Fourteenth Amendment to the United States Constitution.  Moreover, even if plaintiff could identify such a right, it was not one that was "clearly established" at the time that defendants took the actions alleged by plaintiff and thus the Coroner is entitled to qualified immunity.

In light of the foregoing, defendants respectfully request that the Court dismiss plaintiff's entire complaint, without leave to amend.

## II.    ALLEGATIONS OF COMPLAINT

While the specific factual allegations in plaintiff's complaint are difficult to disaggregate from conclusory assertions and legal argument, the underlying facts are not subject to material dispute.  On October 25, 2006, Nicholas Picon died of a heart condition, and an autopsy was initiated the next day, October 26, 2006.  First Amended Complaint ("FAC"), at 4[1]; Ex. A to the FAC (Autopsy Report), at 1.[2]

---

[1] This is plaintiff's second attempt at trying to state a cause of action against the County and the Coroner. It fares not better than her first, which she impliedly admitted was defective. *See Sheehy v. Roman Catholic Archbishop*, 49 Cal. App. 2d 537, 541 (1942) ("[T]he pleader has two avenues open to him. He may test the sufficiency of his pleading upon the judgment sustaining the demurrer, or he may accept the judgment that the complaint was not good and file an amendment. If he elects to pursue the latter course he impliedly confesses that the original pleading was not sufficient and that it should be corrected."). Here, a review of the Court's own file evidences that plaintiff did not even file an opposition to the defendants' demurrer or wait for the Court order, she instead elected to file an amended complaint the day before the hearing. By doing so, plaintiff admitted that the prior complaint was insufficient.  As set forth, *infra*, her amendment fails to cure any of the original defects.

The Coroner's staff released Nicholas Picon's body to his next–of-kin the same day that the autopsy was initiated (on October 26, 2006), and his family buried him on October 30, 2006.  FAC, at 9.  Prior to releasing the body, the heart was removed and fixed in formalin.  FAC, at 4-6, 10, 12; Ex. A to FAC, at 3.  The Coroner's investigation into the cause of Nicholas Picon's death continued after his body was released to his next–of-kin, and it included a reexamination and photographing of the heart and certain sections of it on October 29, 2006.  Ex. A to FAC at 3, 5.  At some point after October 29, 2006, the Coroner's office completed and finalized the Autopsy Report.  Ex. A to FAC.

Plaintiff alleges that she was not informed, and did not discover, that she had buried her son's body without its heart until November 13, 2006, although she notes that his heart was returned to her on November 21, 2006, after she had made a request for it.  FAC at 4, 10.

### III.     ARGUMENT

#### A.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allow for a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion is similar to the common law general demurrer in that it tests the legal sufficiency of the claims stated in the complaint.  *De la Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  While, "[u]nder Rule 12(b)(6), review is generally limited to the contents of the complaint . . . courts may consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment."  *Walter v. Drayson*, 496 F. Supp. 2d 1162, 1165 (D. Hawaii 2006) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

While, for purposes of a Rule 12(b)(6) motion, the material allegations in the complaint must be accepted as true, *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), a court is not

---

(continued …)
[2] Plaintiff asserts that the Autopsy Report "is attached as Exhibit A not for the truth asserted therein but for the limited purpose of establishing a timeline of events . . . ."  Plaintiff's attempt to circumscribe the effect of Exhibit A is unavailing.  *See* Fed. Rule Civ. Proc. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

"required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988. A complaint will be dismissed for failure to state a claim if it appears beyond doubt that the claimant can prove no set of facts in support of her claim that would entitle her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Moore v. City of Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989), and "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

### B. Plaintiff Fails To State A Cause Of Action For Breach Of The Right To Control The Disposition Of The Remains Of A Deceased Person.

Plaintiff cannot allege facts to state a cause of action against the County or the Coroner for deprivation of a right to control the disposition of the remains of a deceased person. While there is a *temporary* right of possession of a dead body, it is only for the *limited* purposes of burial. *Enos v. Snyder,* 131 Cal. 68, 69-70 (1900) (finding that, "in the absence of statutory provisions, there is no property [right to possession] in a dead body" and holding that there is a limited right to temporary possession of the dead body for purposes of burial which belongs to the next-of-kin.); *Huntley v. Zurich*, 100 Cal. App. 201, 208 (1929) (same). Plaintiff does not allege that she was prevented from burying the body of her son. Rather, her complaint contradicts any such allegation by stating that her son's body was released to her by the Coroner's office on October 26, 2006, and that she *was* able bury him on October 30, 2006. FAC at 4-6, 9.

The right to possession of the body is a right that is limited to custody for the purpose of burial even where organs are retained for further investigation: "The action is not one for conversion, nor could it be, as ***the law recognizes no right of property as such in the dead body of a human being***. The right is to the possession of the body, and is one recognized for the purpose of determining who shall have its custody for the purpose of burial." *Gray v. Southern Pac. Co.,* 21 Cal. App. 2d 240, 246-247 (1937) (emphasis added).

Plaintiff cannot bring a cause of action based upon the fact that her son's body was not intact

when it was returned to her. There is no authority for expanding the limited right to temporary possession of a corpse for purpose of burial to a right to receive the body intact from the Coroner's office where the coroner determines to retain organs for the purpose of investigating the cause of death. Indeed the law states the converse – that a coroner has the *right* to retain any organs following an autopsy that he deems necessary to his investigation *or* for purposes of research or coroner training. Government Code § 27491.4 provides in pertinent part:

> (a) For purposes of inquiry the coroner shall, within 24 hours or as soon as feasible thereafter, where the suspected cause of death is sudden infant death syndrome and, in all other cases, the coroner may, in his or her discretion, *take possession of the body*, which shall include the authority to exhume the body, order it removed to a convenient place, and make or cause to be made a postmortem examination or autopsy thereon, and make or cause to be made an analysis of the stomach, stomach contents, blood, organs, fluids, or tissues of the body. … ***The coroner shall have the right to retain only those tissues of the body removed at the time of the autopsy as may, in his or her opinion, be necessary or advisable to the inquiry into the case, or for the verification of his or her findings.*** No person may be present during the performance of a coroner's autopsy without the express consent of the coroner. (Emphasis added).

Here, as discussed, it is clear from the First Amended Complaint and the documents attached to it that the Coroner's staff made a decision to retain the heart in order to conduct further inquiry into Nicholas Picon's death before his body was returned to his next of kin on October 26, 2006. As noted by the autopsy report upon which the plaintiff relies, reexamination and photographing of the heart occurred on October 29, 2006, after the body was returned and before the burial of the body. FAC, Ex. A at 3, 5.

However, even assuming that the heart had been retained for purposes of research or coroner training, rather than for further investigation of the cause of Mr. Picon's death, Government Code § 27491.45(a)(1) unambiguously authorizes such action:

> (a)(1) ***The coroner shall have the right to retain parts of the body***, as defined in subdivision (g) of Section § 7150.1 of the Health and Safety Code, removed at the time of autopsy or acquired during a coroner's investigation as may, in the opinion of the coroner, be necessary or advisable for ***scientific investigation and training***. The coroner may employ or use outside laboratories, hospitals, or research institutions in the conduct of the coroner's scientific investigation or training. (Emphasis added.)

The Coroner's discretionary right to retain body parts for investigative and training purposes, without regard to notification, consent, or time limits on possession of the removed organ, is inconsistent with

any purported obligation to return an intact corpse to the next-of-kin.

Defendants anticipate that Plaintiff will point to cases in which a *mortuary* is held liable for mishandling human remains. *See, e.g., Christiansen v. Superior Ct.,* 54 Cal. 3d 868 (1991) (finding that family members of decedents had standing to seek damages for emotional distress negligently caused by mortuaries and crematoriums which allegedly mishandled human remains). Such cases are inapposite. The case law is clear that the unique duties of a coroner distinguish those acting pursuant to such office from the general public or on those acting under contract for funereal services. *Sabow v. United States,* 93 F.3d 1445, 1448 (9th Cir. 1996) (holding that where during course of investigation corpse left to decompose in sun for seven hours, government had no duty of care in handling human remains under California law: "the handling of an individual's remains during an investigation into his death [is] different from mortuary services . . . [and] the [government] was under no contractual obligation to treat decedent's remains in a certain manner during the investigation."); *also see Gray*, 21 Cal. App. 2d at 245-246 (finding no cause of action against a coroner for mutilation of corpse).

Defendants also anticipate that plaintiff will focus on cases dealing with the factually distinct issue of organs removed for purposes of transplantation, as opposed to for purposes of investigation of the cause of death or for research or coroner training. Such cases are irrelevant here because, while California law may recognize a different interest of next-of-kin in organs removed for purposes of transplantation, no such interest has ever been recognized with respect to organs removed for purposes of determining cause of death or for research or coroner training.

Even the case cited by plaintiff in her complaint, *Newman v. Sathyavaglswaran*, 287 F.3d 786 (9th Cir. 2002), is, on its face, completely inapposite. In that case, the majority of a Ninth Circuit panel held that the Los Angeles County Coroner violated a property interest of parents in the corneas of their deceased children that is protected by the Fourteenth Amendment when that office retained corneal tissue from decedents pursuant to section 27491.47(a) of the Government Code, as it formerly existed, which at the time authorized coroners to "remove and release . . . corneal eye tissue from a body within the coroner's custody" without any effort to notify and obtain the consent of next of kin "if . . . the coroner has no knowledge of objection to the removal." *Id.,* 287 F.3d at 795, 797-98. However, even assuming that it correctly construed California law, the *Newman* Court specifically limited its decision to the

removal by coroners of body parts from decedents for purposes of transplantation without the consent of next of kin. *Id.,* at 797.  Indeed, the court specifically distinguished its holding from cases such as the instant one wherein body parts are removed in the course of an autopsy:

> In this respect, § 27491.47(a) differs from California law governing the State's duty to conduct autopsies to determine the cause of death which may be performed contrary to the wishes of the individual or next of kin. See Cal. Govt. Code § 27491; *Huntly v. Zurich Gen. Accident & Liabl. Ins. Co.,* 100 Cal. App. 201, 280 P. 163 (1929) (holding next of kin have no right to prohibit state from performing invasive autopsy to determine cause of death).

*Id.* at 798, n. 15 (emphasis added).

Rather than *Newman*, this case bears much more similarity to *Currier v. County of San Diego*, 216 Cal. App. 2d 595, 597-98 (1963), which is especially instructive here.  In *Currier*, the plaintiff sought recovery against the county coroner, alleging that the coroner had removed and retained a stillborn fetus from the body of his deceased wife, upon whom the coroner had conducted an autopsy, that the plaintiff was not informed of the fact that the fetus had been removed, that the fetus was not returned to him for approximately four months, and that he was therefore prevented from giving the fetus a Christian burial.  *Currier,* 216 Cal. App. 2d at 598.  The Court of Appeal noted a number of facts making that case strikingly similar to the instant one, and held that the plaintiff could not state a cause of action under California law:

> At the hearing on the demurrer, considering the possibility of amending the complaint, counsel for plaintiff conceded that the autopsy itself and the removal of the fetus were within the legal rights of the defendant and were not actionable.  In addition, it was conceded that the fetus was retained by the coroner only from September 13, 1960 to January 9, 1961, and it was then, in fact, delivered to the plaintiff, and that there was a Christian burial . . . . *Gray v. Southern Pacific Co.* appears to be applicable."

*Id.,* 216 Cal. App. 2d at 597.

As in *Currier*, plaintiff does not even allege that the Coroner's office in this case acted outside the scope of its statutory authority when it undertook an autopsy of Nicholas Picon.  Moreover, as in *Currier*, the Coroner here returned the organ that had been retained after the next-of-kin requested it.  In fact, the Coroner returned the heart eight days after plaintiff had requested it.  Section 27491, which empowered the Coroner to perform the autopsy, also vested him with discretion "to determine the extent of inquiry to be made into any death occurring under natural circumstances and falling within the provisions of this

section." Thus, the Coroner's office was authorized to remove and retain organs in the course of the autopsy without notifying the next-of-kin or securing their consent. While *Newman* found that, for purposes of consenting or withholding consent to *anatomical gifts*, the decedent's next-of-kin have certain property interests, it also held that its decision did not extend to coroners' retention of body parts or tissues for investigative purposes relating to autopsies.

In sum, there is no property right in a dead body, other than the limited right to temporary possession for purposes of burial, and there is no right to bury an intact body when the coroner has removed organs to determine the cause of death or for coroner training or investigation. Here, plaintiff concedes that she was able to bury her son, and because the Coroner's office acted within its authority when it removed and retained Nicholas Picon's heart, plaintiff's first cause of action fails to state a claim.

### C. The Complaint Fails to State A Cause of Action Because The County and the Coroner Are Immune From Liability Under the California Tort Claims Act.

A public employee or official is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion has been abused. *See* Cal. Gov. Code § 820.2. Indeed, in *Gray, supra, at* 21 Cal. App. 2d 245-246, the court found that where the coroner was lawfully authorized to perform an autopsy, there could be no cause of action for damages against the coroner for exercise of his discretion in doing so:

> There can be no liability for an act required by law … The mere allegation in the petition that in performing work which was clearly within the scope of his duties the officer acted maliciously, wantonly, and unlawfully, does not state an actionable wrong. Bad motive by itself is no tort. Malicious motives make a bad act worse, but they cannot make that a wrong which in its own essence is lawful. … If, as we think we have shown, the complaint does not show the autopsy to have been unlawful, the mental and physical shock and distress caused thereby to the plaintiff – which is the gravamen of the action – gave rise to no cause of action. (internal citations and quotations omitted.)

Moreover, California law makes clear the Coroner cannot be liable for the manner in which he chooses to exercise his discretion. *See, e.g., Hunt v. Board of Chiropractic Examiners,* 87 Cal. App. 2d 98, 101 (1937) (where statute imposes discretion to act under certain circumstances, mandate will not lie to compel the exercise of such discretion in a particular manner).

The County is also immune, as a public entity is not liable for torts of its employee if the

employee is himself immune from liability.  Section 815.2(b) of the California Government Code states that "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."  Cal. Gov't Code § 815.2(b).  Therefore, it follows that Plaintiff cannot state any cause of action against the Coroner or the County under *any* tort theory that would overcome the immunities conferred by the Government Code.

### D. Plaintiff Fails to State a Cause of Action For Breach of a Mandatory Duty.

Whether a statute "creates a mandatory duty is a question of law" for the courts.  *Creason v. Department of Health Services,* 18 Cal.4th 623, 631 (1998).  To state a cause of action for breach of a mandatory duty, the mandatory duty must be *specifically* pled.  *Lehto v. City of Oxnard,* 171 Cal. App. 3d 285, 292 (1985).  In order to plead such a cause of action, the statute at issue "*must* be *obligatory*, rather than merely discretionary or permissive; it must *require,* rather than merely authorize or permit that a particular action be taken or not taken."  *Haggis v. City of Los Angeles,* 22 Cal. 4th 490, 498 (2000), *citing Morris v. County of Marin,* 18 Cal. 3d 901, 907 (1977) (emphasis added).  Specifically, Plaintiff must allege that: (1) the statute which was violated imposes a mandatory duty, (2) the statute was intended to protect against the type of harm suffered, and (3) breach of the statute's mandatory duty was a proximate cause of the injury suffered.  *Washington v. County of Contra Costa*, 38 Cal. App. 4th 890, 895 (1995).  "A Plaintiff must plead with particularity every fact essential to the existence of statutory liability in order to state a cause of action against a public entity." *Keyes v. Santa Clara Valley Water Dist.*, 128 Cal. App. 3d 882, 886 (1982).

The instant complaint fails to meet even the first prong of the test in that neither section 27491.4(a) nor section 27491.45(a)(2) of the California Government Code imposes any mandatory whatsoever on the County or the Coroner.[3]  Nothing in these statutes imposes a duty on the Coroner to advise or seek the consent of *anyone* before removing or retaining a body part in connection with the investigation of a cause of death.  Rather, these statutes authorize the Coroner to take certain

---

[3] Because the complaint fails to cite to any *mandatory* duty under the first prong of the test, there is no need to reach the other two prongs.

1  discretionary acts without imposing any notice requirement. Therefore, the alleged failure of the Coroner
2  to notify or seek the consent of Plaintiff cannot be actionable. *Washington, supra* 38 Cal. App. 4th at 895.

### 1.  Neither Government Code § 27491.4(a) nor § 27491.45(a)(2) Imposes a Mandatory Duty on the Coroner.

Plaintiff contends that defendants breached a "mandatory duty" allegedly set forth in sections 27491.4(a) and 27491.45(a)(2) . However, there are no mandatory duties stated in either of those two sections. Rather these statutory provisions only set forth discretionary powers vested in the Coroner.

Section 27491.4(a) vests each coroner with the *authority* to retain body parts "removed at the time of the autopsy as may, in his or her opinion, be necessary or advisable to the inquiry into the case, or for the verification of his or her findings." The only limitation on that power is that the Coroner be of the opinion that the retention of such body parts is necessary *or advisable* to the inquiry in the case or for the *verification* of the Coroner's findings. *Id.* This language creates broad discretion in the Coroner to determine the cause of death of an individual and to retain those body parts necessary to that investigation.

Plaintiff cannot avoid the inescapable fact that section 27491.4(a) does not create a duty, mandatory or otherwise, for the Coroner to advise the next-of-kin or seek their consent before retaining body parts in the course of an autopsy that he is authorized by law to perform. In fact, the law does the opposite. By its clear terms, the statute *allows* the Coroner to retain body parts removed in the course of an autopsy at his discretion *without* notification, *without* consent, *without* limits as to how long the organ may be retained and *without* any obligation to return the body part to the next-of-kin of the deceased. Cal. Gov't Code § 27491.4.

Plaintiff's First Amended Complaint also alleges that section 27491.45(a)(2) "clearly states that if the purpose of removal and retention of organs was for scientific research or investigation an attempt at contacting the next of kin for permission has to be made," (FAC at 9), but Plaintiff's reference to section 27491.45(a)(2) of the Government Code is no more availing. That section sets out circumstances under which body parts retained by the Coroner *may* be released to "hospitals, medical, educational, research institutions, and law enforcement agencies for noncoroner training, educational, and research purposes." But subsection (a)(2) applies only if a coroner exercises discretion in deciding to release organs for

noncoroner purposes; it does not impose a mandatory duty on the coroner to perform any act. Subsection (a)(1), which is applicable here, expressly grants the coroner "the right to retain parts of the body … removed at the time of autopsy or acquired during a coroner's investigation as may, in the opinion of the coroner, be necessary or advisable for scientific investigation and training." Contrary to plaintiff's allegation, making an effort to obtain consent under subsection (a)(2) is required only if the body parts are released by the coroner to outside agencies. Here, the heart did not leave the Coroner's office. Given that the Autopsy Report states that the Coroner's office retained the heart for further investigation, there are no facts that may be pleaded that would show that the coroner did anything other than exercise his rights under § 27491.45(a)(1).

### E. Plaintiff Does Not State a Cause of Action For Negligence.

Plaintiff also does not state a cause of action for negligence because, as discussed at length, above, she does not allege any duty that the Coroner or the County owned her or breached in this case. *Tolan v. State,* 100 Cal. App. 3d 980 (1979) (common law principles of negligence insufficient to allege a cause of action against a public entity.) Nor can she. The Coroner acted pursuant to his statutory authority and not contrary to any duty owed plaintiff, and it therefore follows that plaintiff cannot state a cause of action for negligence.

Regardless, and as noted above, the Coroner and the County are immune from any tort liability under Government Code §§ 815.2(b) and 820.2.

### F. Plaintiff Does Not State a Cause of Action Under 42 U.S.C. § 1983

Plaintiff's claim under section 1983 of Title 42 of the United States Code that she was deprived of a quasi-property interest in the body of her son without due process of law fails because no such property interest exists, because she fails to plead any specific action by either defendant that caused the alleged injury, and because the Coroner is entitled to qualified immunity.

#### 1. Plaintiff Does Not Identify a Constitutionally-Cognizable Property Right

"A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). However, "[t]he Due Process Clause does not create substantive rights in property; the property rights are defined

by reference to state law." *Id.*

Plaintiff describes the alleged property right in this case in very vague and general terms as her "property interest in the remains of her deceased child," and, as discussed at length, above, California law does not recognize any such property right in organs or tissue removed or retained by a coroner in order to investigate the cause of death. Further, nothing in California law requires that a coroner notify or seek the consent of a decedent's next-of-kin to remove such organs, nor does California law place limits on how long such organs may be retained. Absent any such property right, plaintiff cannot satisfy even the first element of a section 1983 claim based on an alleged procedural due process violation.

### 2. The Coroner is Entitled to Qualified Immunity

Even assuming, for the sake of argument, that she has alleged sufficient facts against the Coroner to support a section 1983 cause of action, he is entitled to qualified immunity because the right asserted by plaintiff; specifically, to be notified of, and afforded the opportunity to consent, when a coroner removes and retains tissue or organs in the course of a lawful autopsy, was not clearly established at the time of the actions giving rise to this case.

Public officials performing discretionary functions are shielded from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The burden is on the plaintiff to establish that the rights she claims were violated are "clearly established." *Davis v. Scherer*, 468 U.S. 183, 197 (1984). A clearly established right is one "where the contours of the right [are]sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S 635, 640 (1987). The "clearly established" hurdle is a high one. It is not enough that a judicial decision exist supporting an argument of unconstitutionality or that a court later rules that the conduct in question may have been unconstitutional. Rather, a plaintiff must demonstrate that, at the time of the challenged conduct, there was no basis for a good faith argument in support of the constitutionality of the alleged action. *See Act-Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993).

In the instant case, assuming this Court were to find that there exists a constitutionally-protected property right to the organs of a deceased family member retained after an autopsy for further

investigation, that law was not "clearly established" at the time of the constitutional violation alleged herein. Rather, under the law existing at the time the action arose, it is clear that the Coroner acted within the scope of his authority in retaining the heart. At that time, as discussed above, the California Government Code and the California Health and Safety Code vested coroners with the authority to remove and retain tissues and organs to investigate the cause or death, "for the verification of his or her findings," or for "scientific investigation or training" without the consent of the decedent's family. *See* Cal. Gov't Code §§ 27491.4(a), 27491.45(a)(1).

In addition, as set forth above, California courts have long held that there is no property right in a dead body other than the limited right to temporary possession for the purposes of burial and that coroners need neither inform nor secure the consent of next-of-kin in order to remove and retain organs in the course of the investigation of cause of death. *See, e.g. Currier v. County of San Diego*, *supra*, 216 Cal. App. 2d at 597-98. No controlling authority has held to the contrary or recognized a constitutionally-protected right such as that advanced by plaintiff.

With both controlling case law and statutes supporting the Coroner's actions, no reasonable coroner would have known that by retaining organs of a decedent post-autopsy he was violating a constitutionally-protected property right of that decedent's family. The right, if it existed, was far from "clearly established" at the time of the alleged action, and that being so, the Coroner is entitled to qualified immunity and this cause of action should be dismissed.

## IV.  CONCLUSION

Neither the County nor the Coroner can be liable for the removal or retention of the deceased's heart under any theory because the Coroner acted within the scope of his statutory authority. Moreover, the Coroner's actions were pursuant to his discretionary authority and are therefore immune from suit under Government Code § 820.2. Further, plaintiff cannot state a cause of action under California for

//
//
//
//
//

1  negligence because she is unable to identify any duty that defendants breached.  Finally, plaintiff cannot
2  identify any constitutionally-protected property interest that defendants violated in this case.  Therefore,
3  defendants respectfully request that the instant motion to dismiss be granted, without leave to amend.

Dated:  February 21, 2008                                    Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL


By: _____/s/_____
         John D. Nibbelin, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO, ROBERT
FOUCRAULT, individual and as Coroner, SAN
MATEO COUNTY