AYANNA L. JENKINS-TONEY, ESQ. (SBN 224847)
225 Bush Street 16 TH Floor
San Francisco, CA 94104
Telephone: (415) 464-4974
Facsimile: (415) 464-4975

Attorney for Plaintiff
ISOLINA PICON

UNITED STATES DISTRICT COURT

NORHTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISOLINA PICON,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN MATEO, ROBERT FOUCRAULT, individually and as Coroner, San Mateo County<br><br>    Defendants. | Case No.: C-08-0766-SC<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO N. D. CAL. CIVIL L. R. 7-2 (c) & (d); 7-3 (a); AND 7-5 (a) & (b)**<br><br><u>Hearing</u>:<br>Date: April 4, 2008<br>Time: 10:00 A.M.<br>Dept.: Courtroom 1 |

**TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLAINTIFF ISOLINA PICON HEREBY PRESENTS** her objections to defendants motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and N. D. Cal. Civil L. R. 7-4, and requests a denial of defendant's motion to dismiss each cause of action in the First Amended Complaint, on the grounds that defendant's motion to dismiss is fatally flawed due to its failure to establish beyond a reasonable doubt that the plaintiff can prove no set of facts that would support her claim and entitle her to relief under the laws of the State of California and the United States Constitution.

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

1

## INTRODUCTION

The first issue is whether opposing counsel's motion to dismiss is procedurally sufficient due to its lack of a presentation of a proposed order as required by N. D. Cal. Civil L. R. 7-2(c). In addition, opposing counsel's motion to dismiss should be denied in its entirety based on the lack of an *Affidavit* or *Declaration* as required by N. D. Cal. Civil L. R. 7-5. Absent an affidavit or declaration plaintiff is unable to desegregate the defendants' mere denials, untruths, and misstatements of law from the actual facts and the record. Examples of opposing counsel's repeated misstatements of the applicable laws can be found on page 2 of the Motion To Dismiss ("MTD").

On the MTD pg. 2 commencing at line 16 opposing counsel writes:

> "However, under California law, the Coroner has no obligation to notify or obtain consent of the next of kin in order to remove or retain organs for the purposes of his investigation. Indeed, the converse is true: The Coroner has the statutory right – *without* notifying or obtaining the consent of the next-of-kin –to (1) "retain only those tissues of the body removed at the time of the autopsy as may, in his or her opinion, be necessary or advisable to inquiry into the case, or for the verification of his or her findings" and (2) "retain parts of the body... removed at the time of the autopsy or acquired during a coroner's investigation as may, in the opinion of the coroner, be necessary or advisable for scientific investigation and training". Cal. Gov. Code §§ 27491.4(a), 27491.45(a)(1)".

The aforementioned quote, taken directly from the defendants' MTD at page 2, represents an inaccurate and misleading misstatement of the applicable law.

California Government Code § 27491.4(a) states:

> (a) For purposes of inquiry the coroner shall, within 24 hours or as soon as feasible thereafter, where the suspected cause of death is sudden infant death syndrome and, in all other cases, the coroner may, in his or her discretion, take possession of the body, which shall include the authority to exhume the body, order it removed to a convenient place, and make or cause to be made a postmortem examination or autopsy thereon, *and make or cause to be made an analysis of the stomach, stomach contents, blood, organs, fluids, or tissues of the body.* The detailed medical findings resulting from an inspection of the body or autopsy by an examining physician shall be either reduced to writing or permanently preserved on recording discs or other similar recording media, shall include all positive and negative findings pertinent to establishing the cause of death in accordance with the medicolegal practice and this, along with the written opinions and conclusions of the examining physician, shall be included in the coroner's record of death................*The coroner shall have the right to retain......only those tissues...of the body...removed...at the time of the autopsy as may, in his or her opinion, be.............necessary or advisable to the inquiry into the case, .......or for the verification of his or her findings.* No person may be present during the performance of a coroner's autopsy without the express consent of the coroner. (Emphasis added).

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

2

California Government Code § 27491.4(a) ***does not expressly allow the retention of entire <u>organs</u>***. What it does is expressly limit *what* the Coroner may retain and it narrowly defines that as being "*only those tissues*". Additionally, California Government Code § 27491.4(a) expressly limits when and under what circumstances the authority to retain "only those tissues" vests. The statue expressly limits the Coroners authority to instances where "in his or her opinion, be necessary or advisable to the "*inquiry into the case, or for verification of his or her findings*".

Here, defendants MTD at page 2, line 18, contains language that craftily and for the apparent purpose of misleading the court, substitutes the word *organs* where clearly California Government Code § 27491.4(a) reads "*only those tissues*".

Numerous other misstatement of law also permeate in the MTD as it pertains to California Government Code § 27491.45(a)(1). **First,** the MTD substitutes the word "*organs*" where the statute reads "*parts of the body*". The misstatement goes on to partially quote only a fragment of the language " *retain parts of the body...*" and omits the complete citation of the statute, which reads:

> (a)(1) The coroner shall have the right to retain parts of the body **as defined in subdivision (g) of Section 7150.1 of the Health and Safety Code** removed at the time of autopsy or acquired during a coroner's investigation as may in the opinion of the coroner, be necessary or advisable for scientific investigation and training. The coroner may employ or use outside laboratories, hospitals, or research institutions in the conduct of the coroner's scientific investigation or training. (Emphasis added).

A further review of the applicable law found in subdivision (g) of Section § 7150.1 of the Health and Safety Code provides a definition of "Part" which reads:

> (g) "Part" means an **organ, tissue,** eye, bone, artery, blood, fluid, or other portion of a human body or a pacemaker. (Emphasis added).

**Secondly,** the MTD makes the illusory claim that the Coroners "*investigation*" into the cause of death allowed under California Government Code § 27491.4(a) is somehow synonymous and interchangeable with the term "*scientific investigation and training*" allowed under 27491.45(a)(1). The two are separate and distinct actions, which do not fall under the same sections of the California Government Code. As mentioned, further *investigation* and *verification* is pertinent to establishing the cause of death under California Government Code § 27491.4(a) the

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

title of which reads: "Authority to take possession of body in sudden infant death syndrome; Exhumation; Medical findings; Retention of tissues; Right to attend coroner's autopsy; Effect of Uniform Anatomical Gift upon performance of autopsy", conversely *scientific investigation and training* is pertinent to scientific research under California Government Code § 27491.45(a)(1) the title of which reads: "Retention of tissues removed at autopsy; Removal of parts for transplant, or therapeutic, or scientific purposes". Combining the two actions would be an erroneous application of state law and is outside the authority of the statute. A cursory reading of the *titles* of the two sections makes the fact that they are separate and distinct abundantly clear.

**Thirdly,** and most vexing is that the introduction of the MTD complete omission of reference to or mention of California Government Code § 27491.45(a)(2) which incorporates by reference California Government Code § 27491.45(a)(1), and states:

> (a)(2) **Parts of the body retained pursuant to paragraph (1)** may be released by the coroner to hospitals, medical educational research institutions, and law enforcement agencies for noncoroner training, educational, and research purposes, either upon consent of the decedent or other person, as specified in *Section 7151 of the Health and Safety Code*, or after a reasonable effort has been made to locate and inform persons listed in subdivision (a) of *Section 7151 of the Health and Safety Code* of their option to consent or object to the release, and the appropriate person consents or the effort has been unsuccessful. A reasonable effort shall be deemed to have been made when a search for the persons has been underway for at least 12 hours. The search shall include a check of local police missing persons records, examination of personal effects, and the questioning of any persons visiting the decedent before his or her death or in the hospital, accompanying the decedent's body, or reporting the death, in order to obtain information that might lead to the location of any persons listed in subdivision (a) of *Section 7151 of the Health and Safety Code*.

The MTD at page 2, "Introduction", omits Health And Safety Code Section 7150-7156.5 cited as the "Uniform Anatomical Gift Act" in its **_entirety_**. Could it be because the language found in the Health And Safety Code Section 7150.2(c)(1) which reads:

"It is the intent of the Legislature that no provision of this section be construed to be in conflict with federal law". Or could the omission be because the language found in Health And Safety Code Section 7150.1(g), which makes a distinction between the words **organs** and **tissues** thereby eradicating any illusory attempts to make the two identical in meaning. The aforementioned instances of misstatements of law are but a few of the many found in the defendants MTD.

However, if it is decided that the requirements of N. D. Cal. Civil L. R. 7-2 and 7-5, be excused, plaintiff raises the following additional issues in opposition of the defendants MTD.

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

4

## Statement of Issues

Federal Rule of Civil Procedure 12(b)(6) allows for a motion to dismiss for failure to state a claim upon which relief can be granted. The first issue is whether the plaintiff's assertion that she was denied a recognizable "quasi-property right", when the Coroner of the County of San Mateo authorized the retention of the entire heart organ of her deceased son Nicholas Picon without obtaining her consent prior to his burial constitutes a valid claim for which relief may be granted.

The second issue is whether the Coroner of the County of San Mateo breached the mandatory duties under Government Code § 815.6 by willfully violating California Government Code §§ 27491.4(a), 27491.45(a)(1), 27491.45(a)(2) and Health and Safety Code Sections 7150.1(g), 7150.2(c)(1) which would give rise to a valid claim for which relief may be granted.

The third issue is whether the actions of the Coroner of the County of San Mateo give rise to liability under principles of negligence where a duty has been established and a breach has been claimed giving rise to damages.

Lastly, the issue is whether the Coroner of the County of San Mateo unconstitionality denied the plaintiff Isolina Picon due process of law when making the unilateral decision to retain the entire heart organ of Nicholas Picon without obtaining her consent, and whether the actions of the Coroner were based on the belief that he was acting under color of any statute at the time of the taking, which would give rise to a constitutional claim under section 1983 of Title 42 of the United States Constitution.

## RULE OF LAW

The "test in determining issue as to whether complaint states claim upon which relief can be granted is whether allegations of complaint, if proved at trial, would entitle plaintiff to some relief". *Garcia v. Hilton Hotels International, Inc.*, 97 F. Supp 5 (D. Puerto Rico 1951). The accepted rule is that "a complaint should not be

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

5

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle relief". *Leimer v. State Mutual Life Assurance Co.*, 108 F.2d 302 (8th Cir. 1939). "To withstand motion to dismiss for failure to state claim upon which relief can be granted, all that is required is specificity sufficient to give fair notice of nature of action". *Bennett v. Berg*, 685 F2d 1053 (8th Cir. 1982).

## ARGUMENT

### I. DENIAL OF QUASI PROPERTY RIGHT

California Courts commonly use the term "quasi property" to describe the rights of next of kin to the body of the deceased. Under California law the violation of the correlative duty of others to refrain from disturbing the body is subject to an action for "tortuous interference with a right to dispose of a decedent's remains". *Newman v. Sathyavaglswaran* 287 F. 3d 786, 789-800 (9th Cir. 2002). On October 25, 2006 Nicholas Picon died of natural causes. On October 26, 2006 the Coroner's office of the County of San Mateo conducted an autopsy on the remains of Nicholas Picon. On October 30, 2006 the plaintiff had a funeral for her son Nicholas Picon in order to bury and lay to rest what she thought at the time were his intact remains. On November 13, 2006 the plaintiff learned for the first time that her son's heart was retained by the Coroner's office of the County of San Mateo. The plaintiff was denied the right to bury her son's body intact at the time chosen by the decedent's family. When the coroner removed and retained the entire heart organ of the decedent and denied the plaintiff the right to possess, control, and dispose or prevent the violation of the remains of her deceased child, the coroner did not merely "take a single 'strand' from the 'bundle' of property rights: it chopped through the bundle, taking a slice of every strand." *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 435 (1982). The denial of the plaintiffs right to bury her son's heart with his body was a deprivation of the most certain way.

Any support given to the defendants contention that the plaintiff was somehow *not* denied her rights to dispose of or prevent the violation of the remains of her deceased child, merely because she was given a piece of him with which to bury is distinguishable and in stark contrast of the existing case law. If the defendants argument is held to be valid then this court would be supporting the notion that *any piece* of the remains of a deceased person would be

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

sufficient to satisfy the quasi property right to determine the disposition of remains. Where would the justification of denial of a property right end in California? If the position of the defendant is upheld, Coroners of this state and beyond would be effectively given the green light to retain organs and body parts at will without providing notice to the next of kin. The argument would be that by simply returning any portion of a corpse, essentially an arm or a leg your "body" has been provided for burial.

In the MTD page 2 commencing with line 27 opposing counsel states: "There is no right to bury a fully intact body when the coroner has removed organs to investigate the cause of death". Yet no facts have been presented by the Coroner or the County of San Mateo that would support the argument that the heart organ of Nicholas Picon was removed and retained to further investigate his cause of death. The defendants have not provided any supplemental findings to the autopsy report that was given to the plaintiff on November 27, 2006. An entire calendar year and a half has gone by since the initial determination of the cause of death and no retraction has been issued nor have any additional findings been provided. The defendant is attempting to craft its argument around the rule of law by making vague unsubstantiated claims of the need to further investigate the cause of death when in fact the cause of death was determined before the decision was made to retain the entire heart organ of Nicholas Picon. Therefore, the plaintiff has established enough facts in support of her claim of a denial of a "quasi-property right" that if proven at trial would entitle her to some relief.

## II. BREACH OF A MANDATORY DUTY GOVERNMENT CODE § 815.6

Whether a statute "creates a mandatory duty is a question of law" for the courts. *Creason v. Department of Health Services* 18 Cal.4th 623, 631(1998). On October 26, 2006 the Coroner's office of the County of San Mateo conducted an autopsy on the remains of Nicholas Picon. On October 26, 2006 the Coroner's office of the County of San Mateo informed the plaintiff that her son died from a congenital heart defect known as Intramural tunneling of the coronary artery. Here, the plaintiffs' allegations of breach clearly establish that the discretionary authority of the Coroner to ***conduct*** an autopsy is a non-issue of this complaint. Since, the discretion to conduct an autopsy is

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

undisputed and never raised, as an issue defendants' argument for immunity from liability for operation of that discretion is baffling. Here, the Mandatory Breach of Duty under Government Code § 815.6 relates to the violations of California Government Code §§ 27491.4(a), 27491.45(a)(1), 27491.45(a)(2) and Health and Safety Code Sections 7150.1(g), 7150.2(c)(1). Plaintiffs have alleged facts sufficient to provide notice that a breach under Cal. Gov. Code § 27491.4 (a) has occurred for two reasons. (1) The coroner retained the entire organ not just the tissue, (2) the cause of death had been established, no additional inquiry into the case was underway, no foul play was suspected or even mentioned, and the discretion to retain "tissues" not organs is limited to further inquiry or verification only not for donative or scientific purposes. The First Amended Complaint (as well as the original complaint) at page 17, contains a declaration by the plaintiff Isolina Picon, that she was informed by the Coroner of the County of San Mateo that the heart of her deceased son was retained by their office to be sent to "Stanford University for studying".

The fact that the plaintiff was informed that the entire heart not just tissue was retained for scientific investigation and or research takes the actions of the Coroner well beyond the scope allowed under Cal. Gov. Code § 27491.4 (a). The allegations if proven at trial would be enough to entitle plaintiff relief.

The allegation also demonstrates a breach under California Government Code §§ 27491.45(a)(1) & (2). Where parts of the body are retained for scientific research or for the purpose of sending the retained parts for study to outside agencies Cal. Govt. Code §§ 27491.45(a)(1) & (2) requires notification "either upon consent of the decedent or other person, as specified in *Section 7151 of the Health and Safety Code*, or after a reasonable effort has been made to locate and inform persons listed in subdivision (a) of *Section 7151 of the Health and Safety Code* of their option to consent or object to the release, and the appropriate person consents or the effort has been unsuccessful". California Government Code § 27491.45(a)(2). Therefore, plaintiffs' allegations if proven at trial would entitle her to relief under a theory of breach of a mandatory duty in that (1) the afore mentioned statutes impose a mandatory duty, (2) the statutes was intended to protect against the type of harm suffered, and (3) the breach of the statute's mandatory duties was a proximate cause of the injury suffered despite opposing counsels attempts to argue that the converse is true . *Washington v. County of contra Costa*, 38 Cal App. 4th 890, 895 (1995).

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

## III. NEGLIGENCE

The Coroner in his official capacity had a duty owed to the plaintiff as next of kin. The duty began when the Coroner took possession of the remains of the decedent. This duty was breached when the remains were returned to the plaintiff without the heart organ. The knowledge that her son's heart was stolen by the Coroner has caused and will continue to cause the plaintiff severe emotional distress. Here, facts have been presented that contradict defendants' assertion that the Coroner and the County of San Mateo are immune from tort liability under California Government Code §§ 820.2 & 815.2(b).

> Statutory interpretation involves a three step analysis. "**First**, a court should examine the actual language of the statute. Judges, lawyers and laypeople all have far readier access to the actual laws enacted by the Legislature than the various and sometimes fragmentary documents shedding light on legislative intent. More significantly, it is the language of the statute itself that has successfully braved the legislative gauntlet. It is that language which has been lobbied for, lobbied against, studied, proposed, drafted, restudied, redrafted, voted on in committee, amended, reamended, analyzed, reanalyzed, voted on by two houses of the Legislature, sent to a conference committee, and, after perhaps more lobbying, debate and analysis, finally signed 'into law' by the Governor. The same care and scrutiny does not befall the committee reports, caucus analyses, authors' statements, legislative counsel digests and other documents which make up a statute's 'legislative history.' In examining the language, the courts should give to the words of the statute their ordinary, everyday meaning unless, of course, the statute itself specifically defines those words to give them a special meaning. If the meaning is without ambiguity, doubt, or uncertainty, then the language controls. But if the meaning of the words is not clear, courts must take the **second step and refer to the legislative history**. The **final step**--and one which should only be taken when the first two steps have failed to reveal clear meaning--is to apply reason, practicality, and common sense to the language at hand. If possible, the words should be interpreted to make them workable and reasonable." *Halbert's Lumber, Inc. v. Lucky Stores, Inc.*, 6 Cal.App.4th 1233, 1238-1240 (1992).

Thus, plaintiff has provided facts to support a claim of negligence that if proven at trial would entitle her to relief.

## IV. UNCONSTITUTIONAL DEPRIVATION OF PROPERTY
## UNDER 42 U.S.C.S. § 1983

At the threshold, a claim under 42 U.S.C.S. § 1983 for an unconstitutional deprivation of property must show (1) a deprivation, (2) of property, (3) under color of state law. If these elements are met, the question becomes whether the state afforded constitutionally adequate process for the deprivation. Here, the entire heart organ of the plaintiffs deceased son was removed and retained by the Coroner of the County of San Mateo which resulted in her being

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

deprived of the right to determine the disposition of his remains at burial. Since, the law recognizes the quasi property right of the remains of a deceased person the second prong has been sufficiently plead.

Further, the Coroner of the County of San Mateo has repeatedly argued that when making the unilateral decision to retain the entire heart organ of Nicholas Picon without attempting to obtain the consent of next of kin, he did so based on the belief that he was acting under color of California State law. Thus, the issue is whether the existing law provided adequate due process. The allegations of the complaint has provided factual claims under which plaintiff may recover and therefore this complaint should not be dismissed and there should be a trial on the merits.

## V. CONCLUSION

The Coroner and the County of San Mateo has repeatedly presented arguments that misstate the actual language found in the applicable statutes. The Coroner and the County of San Mateo, through their attorneys, have not met the requirements needed to sustain a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the jumbled, inaccurate, and misleading citations of the governing statutes do not dispel the allegations contained in plaintiffs' complaint. Therefore, plaintiffs respectfully request that the instant motion to dismiss be denied in its entirety and the case heard on the merits as the law intended.

Dated March 11, 2008

Respectfully Submitted,

Ayanna K. Jenkins-Toney, Esq.

By: _/s/ Ayanna K. Jenkins-Toney_

Attorney for Plaintiff

Isolina Picon

Case No. 08-0766-SC
**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS**