1 | MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: John D. Nibbelin, Deputy (SBN 184603)
2 | By: Rebecca M. Archer, Deputy (SBN 202743)
By: Glenn M. Levy, Deputy (SBN 219029)
3 | Hall of Justice and Records
400 County Center, 6th Floor
4 | Redwood City, CA  94063
Telephone: (650) 363-4757
5 | Facsimile:  (650) 363-4034

6 | Attorneys for Defendants
COUNTY OF SAN MATEO and ROBERT
7 | FOUCRAULT, individually and as Coroner, SAN
MATEO COUNTY

8

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTICT OF CALIFORNIA

12

13 | ISOLINA PICON,

Plaintiff,

14 | vs.

15 | COUNTY OF SAN MATEO, ROBERT
FOUCRAULT, individual and as Coroner, SAN
16 | MATEO COUNTY

17 | Defendants.

Case No. 08-0766 SC

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Hearing:

Date:       April 4, 2008
Time:       10:00 a.m.
Judge:      Hon. Samuel Conti
Courtroom:  1, 17th Floor

Case No. 08-0766 SC
DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION .................................................................................................................1

II. DISCUSSION .......................................................................................................................1

    A. Plaintiff's Contention That Defendants Misled The Court Is False. ..............................1

    B. Plaintiff Fails To Show Allegations Supporting Her Causes Of Action. .......................2

        1. Plaintiff's First Cause Of Action For Denial Of A Quasi-Property Right Is Not Cognizable. ..................................................................................................2

        2. Plaintiff Fails To Allege Facts Constituting A Breach Of A Mandatory Duty ..................................................................................................................4

            a. Neither Section Of The Health And Safety Code Imposes A Duty...........4

            b. Plaintiff Fails To Allege Facts Supporting A Breach Of A Mandatory Duty Imposed By Section 27491.4 .........................................5

            c. Plaintiff's Allegations Similarly Do Not Support Imposition Of A Duty Under Section 27491.45 ...................................................................7

        3. Defendants Have Immunity Under The California Tort Claims Act....................8

        4. Plaintiff's Conclusory Opposition Fails To Show A Right Entitling Her To Relief Under Section 1983 And Fails To Meet Her Burden Of Showing The Inapplicability Of Qualified Immunity. ........................................................9

IV. CONCLUSION ..................................................................................................................10

i

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF AUTHORITIES

**Page(s)**

**California Cases**

*Coalition of Concerned Communities, Inc. v. City of Los Angeles*,
   34 Cal. 4th 733 (2004) ......................................................................................................... 7

*Copley Press, Inc. v. Superior Court*,
   39 Cal. 4th 1272 (2006) ....................................................................................................... 6

*Gray v. Southern Pac. Co.*,
   21 Cal. App. 2d 240 (1937) ................................................................................................. 2

*Halbert's Lumber, Inc. v. Lucky Stores, Inc.*,
   6 Cal. App. 4th 1233 (1992) ................................................................................................ 9

*Keyes v. Santa Clara Valley Water Dist.*,
   128 Cal. App. 3d 882 (1982) ............................................................................................... 5

*Noble v. Franchise Tax Bd.*,
   118 Cal. App. 4th 560 (2004) .............................................................................................. 7

**California Statutes**

Gov't Code § 815.2(b) ............................................................................................................. 8, 9

Gov't Code § 820.2 .................................................................................................................. 8, 9

Gov't Code §§ 27460-27530 ....................................................................................................... 6

Gov't Code § 27491.4 ...................................................................................................... 2, 5, 6, 9

Gov't Code § 27491.4(a) ........................................................................................ 3, 4, 5, 6, 7, 9, 10

Gov't Code § 27491.45(a) ........................................................................................................... 4

Gov't Code § 27491.45(a)(1) .................................................................................... 2, 3, 8, 9, 10

Gov't Code § 27491.45(a)(2) ................................................................................................. 2, 8

Health & Safety Code § 7150.10(a)(18) .................................................................................... 8

**Other Authorities**

Civil Local Rule 7-5(b) .............................................................................................................. 1

former Health & Safety Code § 7150.1(g) ......................................................................... 4, 7, 8

former Health & Safety Code § 7150.2 ..................................................................................... 4

former Health & Safety Code § 7150.2(c)(1) ............................................................................ 4

ii

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**TABLE OF AUTHORITIES: (continued)**                                                                 **Page(s)**

**Federal Cases**

*Act-Up!/Portland v. Bagley*,
  988 F.2d 868 (9th Cir. 1993) ..................................................................................................10

*Davis v. Scherer*,
  468 U.S. 183 (1984) ................................................................................................................10

*In re County of Orange*,
  262 F.3d 1014 (9th Cir. 2001) ...................................................................................................7

*Loretto v. Teleprompter Manhattan CATV Corp.*,
  458 U.S. 419 (1982) ..................................................................................................................3

*Newman v. Sathyavaglswaran*,
  287 F.3d 786 (9th Cir. 2002) .....................................................................................................2

*Seattle-First Nat'l Bank v. Conaway*,
  98 F.3d 1195 (9th Cir. 1996) .....................................................................................................7

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .....................................................................................................1

*Taylor v. List*,
  880 F.2d 1040 (9th Cir. 1989) ...................................................................................................9

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .....................................................................................................2

*Walter v. Drayson*,
  496 F. Supp. 2d 1162 (D. Hawaii 2006) ...................................................................................1

**Federal Statutes**

42 U.S.C. § 1983 ...........................................................................................................................10

## I. INTRODUCTION

Plaintiff's confusingly-argued opposition fails to salvage the causes of action challenged in this motion. As shown below and in Defendants' moving papers, each of the Plaintiff's causes of action fails to state a claim. Further, Plaintiff's effort to impugn Defendants by suggesting they included "untruths," "misstatements of law," and "inaccurate and misleading misstatements" "for the apparent purpose of misleading the [C]ourt" is not borne out. Opp. at 2-3. Plaintiff fails to plead facts sufficient to show the existence of a quasi-property right. She likewise fails to show how her allegations trigger a mandatory duty that was violated. She does not rebut the Defendants' showing that the California Tort Claims Act affords the Defendants immunity. She fails to show how Section 1983 permits a claim when she has not established a Constitutionally-protected property right. Finally, she has not countered Defendants' invocation of qualified immunity, conceding through her failure to even address the topic that she cannot meet her burden to allege facts showing a clearly established right that was violated. For these reasons, Defendants' motion should be granted in its entirety.

## II. DISCUSSION

### A. Plaintiff's Contention That Defendants Misled The Court Is False.

In an attempt to divert the Court's focus from her lack of effective arguments countering Defendants' Rule 12(b)(6) motion, Plaintiff expends much time on purported procedural challenges to the Defendants' motion. Each of these challenges are baseless and should be summarily rejected.

Plaintiff objects that Defendants' motion fails to submit an affidavit or declaration in support of Defendants' "repeated misstatements of the applicable laws…." Opp. at 2. The local rule cited by Plaintiff expressly prohibits submitting a declaration in support of legal reasoning. *See* Civil Local Rule 7-5(b) ("An affidavit or declaration[] may contain only facts … and must avoid conclusions and argument"). To the extent that Plaintiff suggests that facts discussed by the motion require a supporting declaration, she is wrong. Defendants' motion is properly based on the allegations in the Plaintiff's First Amended Complaint and the documents attached thereto. Such materials are the focus of a Rule 12(b)(6) motion—which tests the sufficiency of the allegations in the pleadings—and consequently do not require additional support. *See* Mot. at 4-5 & n.2 (citing *Walter v. Drayson*, 496 F. Supp. 2d 1162, 1165 (D. Hawaii 2006), *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), and *United States*

1  *v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

2  Plaintiff also complains that "[n]umerous other misstatement[s] of law also permeate in the MTD
3  as it pertains to California Government Code § 27491.45(a)(1)," including that "the MTD substitutes the
4  word '*organs*' where the statute reads '*parts of the body*'." Opp. at 3 (emphases in original). Plaintiff
5  fails to state where this purported misstatement of the law occurs. A review of Defendants' motion
6  shows no such misstatement. More importantly, Plaintiff's citation of Section 7150.1 of the Health and
7  Safety Code emphasizes that the definition of "part" includes "organ." *See* Opp. at 3. Thus, Defendants'
8  use of the term "organ" in their argument is not improper. And contrary to Plaintiff's suggestion,
9  Defendants provided the Court with the full relevant text of the applicable statutes. *See* Mot. at 6
10 (quoting Gov't Code §§ 27491.4, 27491.45(a)(1)).

11 Finally, Plaintiff says that the "most vexing" aspect of Defendants' alleged effort to mislead the
12 Court is that Defendants did not reference Section 27491.45(a)(2) of the Government Code. *See* Opp. at
13 4. Because, as discussed below, there is no allegation that the organ ever left the Coroner's custody, that
14 section is, by its express terms, inapplicable. In any event, Defendants discussed Section 27491.45(a)(2),
15 so Plaintiff's allegation of omission is demonstrably false. *See, e.g.*, Mot. at 10.

**B.     Plaintiff Fails To Show Allegations Supporting Her Causes Of Action.**

**1.     Plaintiff's First Cause Of Action For Denial Of A Quasi-Property Right Is Not Cognizable.**

19 Tellingly, Plaintiff fails to address a key case cited by Defendants, *Gray v. Southern Pac. Co.*,
20 which states that "*the law recognizes no right of property as such in the dead body of a human being*[;]
21 [t]he right is to the possession of the body, and is one recognized for the purpose of determining who
22 shall have its custody for the purpose of burial." 21 Cal. App. 2d 240, 246-247 (1937) (emphasis added).
23 Instead, Plaintiff cites two inapplicable cases, makes two unsupported claims, and offers one policy
24 argument to support her assertion that her First Cause of Action should survive the motion to dismiss, but
25 none of these permit that cause of action to proceed.

26 To begin with, neither case cited by the Plaintiff stands for the proposition that under California
27 law a property right exists that permits Plaintiff to recover damages on the facts as alleged. As discussed
28 in great detail in Defendants' opening brief, *Newman v. Sathyavaglswaran*, 287 F.3d 786 (9th Cir. 2002),

is inapposite. Although *Newman* found that, for purposes of consenting or withholding consent to *anatomical gifts*, a decedent's next-of-kin have certain property interests, the Court in that case specifically noted that its holding does not extend to a coroner's retention of body parts or tissues for investigative purposes relating to autopsies. *Id.* at 797-98 & n.15 (autopsies may be conducted even when contrary to the wishes the next of kin).

*Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982), is likewise distinguishable. It is a takings clause case in which a state government tried to require apartment building owners to permit cable companies to install equipment on the roofs of their apartment buildings. That case—and specifically the section quoted by Plaintiff in her opposition—deals with the economic analysis associated with a permanent physical occupation by one party of another party's real property. *Id.* at 435. The case does not address property interests in bodies and therefore has no relevance here.

Plaintiff's other arguments fare no better. Plaintiff provides no support for her claim that Defendants' position is "in stark contrast of the existing case law." Opp. at 6. If there was such existing case law, Plaintiff would be able to cite it. Neither *Newman* nor *Loretto* lend support to the existence of the right being claimed. Plaintiff next argues that "no facts have been presented by the Coroner or the County of San Mateo that would support the argument that the heart organ of Nicholas Picon was removed and retained to further investigate his cause of death." Opp. at 7. As discussed below, Plaintiff admits through her allegations and the materials attached to the First Amended Complaint that the Coroner continued to investigate after the body was released to the Plaintiff. In any event, this issue is not relevant to the question of whether there exists a property right. Tellingly, Plaintiff fails to explain how the Coroner's purpose in retaining the heart has any relevance to the claimed property right.

She instead opines that

> [i]f the position of the defendant[s] is upheld, Coroners of this state and beyond would be effectively given the green light to retain organs and body parts at will without providing notice to the next of kin. The argument would be that by simply returning any portion of a corpse, essentially an arm or a leg your 'body' has been provided for burial.

Opp. at 7. This contention is nonsensical at best. The Legislature gave coroners discretion to decide what tissues and organs to retain in connection with an investigation. *See* Gov't Code §§ 27491.4(a), 27491.45(a)(1). The Legislature has also defined the scope of what parts may be retained by coroners by

referencing the Health and Safety Code, which during the relevant time defined "parts" without including the term "body."[1]  *See* Declaration of Glenn M. Levy ["Levy Decl."], submitted concurrently herewith, Ex. A [former Health & Safety Code § 7150.1(g)].  There is no credibility to the suggestion that granting Defendants' motion would encourage coroners to act outside the scope permitted by the Legislature.

### 2. Plaintiff Fails To Allege Facts Constituting A Breach Of A Mandatory Duty.

In support of her second cause of action for breach of a mandatory duty, Plaintiff cites Sections 7150.1(g) and 7150.2(c)(1) of the Health and Safety Code and Sections 27491.4(a) and 27491.45(a) of the Government Code, which she claims that Defendants have violated.[2]  *See* Opp. at 8.  Yet Plaintiff does not cite any factual allegations in her complaint that would give rise to a violation of a mandatory duty under any of these sections.

#### a. Neither Section Of The Health And Safety Code Imposes A Duty.

Aside from any allegations in Plaintiff's complaint, neither cited section of the Health and Safety Code imposes any duties.  On the one hand, Section 7150.1(g), prior to its repeal, only listed definitions, including the definition for the term "part" referenced by Government Code Section 27491.45(a).  There are simply no duties imposed by Section 7150.1(g).  On the other hand, subsections (a) and (b) of Section 7150.2 grant authority to the State Department of Health Services for certain purposes and requires that department to adopt certain regulations.  *See* Levy Decl. Ex. B [former Health & Safety Code § 7150.2].  Neither subsection imposes any duties on coroners.  And the subsection of Section 7150.2 cited by Plaintiff states only that "[i]t is the intent of the Legislature that no provision of this section [*i.e.*, Health and Safety Code Section 7150.2] be construed to be in conflict with federal law."  Opp. at 4, quoting former Health & Safety Code § 7150.2(c)(1).  Because neither Section 7150.1(g) nor Section 7150.2 imposes any duties, neither supports a cause of action for breach of a mandatory duty.

---

[1]  As shown in footnote 3, below, the Legislature recently changed the definition of "body part" to exclude "the whole body," further showing the absurdity of this argument.

[2]  Section 7150.2, as with Section 7150.1, discussed in footnote 3, below, was repealed effective January 1, 2008.

### b. Plaintiff Fails To Allege Facts Supporting A Breach Of A Mandatory Duty Imposed By Section 27491.4.

Contrary to the allegations of and information submitted with her complaint, Plaintiff makes two arguments that Section 27491.4 imposed a duty that was breached. First, Plaintiff contends that an investigation into the cause of death was complete upon return of the deceased's body and that Section 27491.4(a) consequently imposed a duty to return all tissues and organs removed during the autopsy examination. *See* Opp. at 3, 7. Second, Plaintiff attempts to differentiate between "tissues" and "organs" and thereby argues that the heart was not properly retained. *Id.* at 7. These arguments require both an incorrect interpretation of Section 27491.4 and the omission of Plaintiff's own allegations in order to impose a duty. But because Plaintiff bears a burden of pleading with particularity all facts essential to the existence of statutory liability, and because Plaintiff's complaint includes facts and information that defeat the imposition of a duty, Section 27491.4 does not support this cause of action. *See Keyes v. Santa Clara Valley Water Dist.*, 128 Cal. App. 3d 882, 886 (1982) (no duty imposed if plaintiff does not plead with particularity every fact essential to the existence of statutory liability).

Section 27491.4 expressly permits the Coroner "to retain only those tissues of the body removed at the time of the autopsy as may, in his or her opinion, be necessary or advisable to the inquiry into the case, or for the verification of his or her findings." Gov't Code § 27491.4(a). As set forth in Plaintiff's complaint, the investigation was not complete when the body was returned to the Plaintiff. Its on-going nature is confirmed by constructing a timeline of information alleged and submitted by Plaintiff.

Plaintiff alleges that the autopsy was conducted on October 26, 2006. *See* FAC at 6:3-5; Ex. A to the FAC (Autopsy Report), at 1 [unnumbered page titled "Pathology Report"] (stating date of exam to be Oct. 26, 2006). She also alleges she was informed of the cause of death that same day, and the Pathology Report indicates this was the "probable" cause of death. *See* FAC at 6:3-5; Ex. A to the FAC, at 1 [unnumbered page titled "Pathology Report"] (cause of death listed as "[p]robable cardiac disrhythmia"). She also alleges both that the body was released to her (*see* FAC at 9:13-14) and that the heart was retained by the Coroner on that same day (*see id.* at 9:18-19).

Plaintiff argues that the retention of the heart after she was told the "probable" cause of death on October 26, 2006, shows that a duty under Section 27491.4 was violated. However, the attached autopsy

states that while the investigation into the cause of death was initiated on October 26, 2006, "[t]he cardiac specimen [was] retained to permit further detailed examination." Ex. A to FAC at 5. That report further states that "[t]he formalin-fixed heart [was] re-examined on 10-29-06, and two Polaroid photographs [were] taken." *Id.* at 3. Additional measurements of the heart also taken on October 29, 2006, were recorded. *Id.* Plaintiff, through her submission of this information, therefore confirms that the investigation was not complete when the body was released to her and that the investigation continued thereafter. That fact shows that the Coroner's retention of the heart was for "inquiry into the case" or "verification of [the Coroner's] findings," and consequently there is not and Plaintiff cannot allege a breach of a duty imposed by Section 27491.4.

Faced with this factual dilemma, plaintiff claims there must be a difference between "tissues" and "organs" under Section 27491.4 such that the Coroner's retention of the entire heart organ was not authorized. Plaintiff's strained reading of the statute in this regard lacks merit.

Title 3, Division 2, Part 3, Chapter 10 of the Government Code addresses various functions of the office of coroner. *See* Gov't Code §§ 27460-27530. Based on Plaintiff's allegations, there is no dispute that the Coroner was authorized to investigate the cause of death in the present situation. *See* FAC at 4 (describing the circumstances of the death); *see also* Opp. at 7 (the ability of the Coroner to conduct an autopsy "is a non-issue"). The Coroner's authority to investigate is partially addressed by Section 27491.4(a), which grants the corner "discretion … [to] make or cause to be made a postmortem examination or autopsy [of the body], and make or cause to be made an analysis of the stomach, stomach contents, blood, organs, fluids, or tissues of the body." Gov't Code § 27491.4(a). The Coroner is thus permitted to analyze both *tissues* and *organs*, and it is inherent in the Coroner's authority to analyze an organ like the heart that the heart may need to be removed.

Plaintiff argues that because Section 27491.4(a) only mentions "tissues," and not "organs," when it speaks of the authority to retain samples, the facts here show a breach of a duty. But this interpretation strains reason and does not make sense in the context of the overall statutory scheme. To begin with, neither "tissues" nor "organs" are defined for purposes of Section 27491.4. Where such terms are not defined, the entire statutory scheme should be examined to ascertain their meaning. *See, e.g.*, *Copley Press, Inc. v. Superior Court*, 39 Cal. 4th 1272, 1288 (2006) (when "the relevant statutes do not define

the term," the "operative statutory language" is viewed "in the context of the entire statutory scheme" to determine the meaning); *Noble v. Franchise Tax Bd.*, 118 Cal. App. 4th 560, 568 (2004) (same).

Here, the statutory context is clear. A coroner has the right to examine and analyze *tissues* and *organs*. *See* Gov't Code § 27491.4(a). A coroner has the right to retain tissues needed for inquiry into the case or for verification of his or her findings. *Id.* And, as discussed below, a coroner has the right to retain "parts of the body" at his or her discretion that may be "necessary or advisable for scientific investigation and training." *Id.* § 27491.45(a)(1). When defining what may be retained, the legislature referenced the former Health and Safety Code provision that explicitly included "tissues" and "organs." *See* Levy Decl. Ex. A [former Health & Safety Code § 7150.1(g)]. Because the Coroner has discretion both to remove tissues and organs during an investigation and to retain tissues and organs for "scientific investigation and training" after an investigation, Plaintiff's contention that the Coroner may only retain "tissues" but not "organs" is devoid of common sense. This result runs counter to legal principles and cannot lead to the imposition of a duty here. *See In re County of Orange*, 262 F.3d 1014, 1018 (9th Cir. 2001) (statute to be construed to avoid "absurd" result); *Seattle-First Nat'l Bank v. Conaway*, 98 F.3d 1195, 1197 (9th Cir. 1996) (plain meaning of a statute controls unless it leads to absurd or impracticable consequences); *Coalition of Concerned Communities, Inc. v. City of Los Angeles*, 34 Cal. 4th 733, 737 (2004) ("If the [statutory] language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend").

Even assuming that Section 27491.4(a) on its own did not authorize the retention of the heart, Section 27491.45(a)(1)—discussed next—explicitly permits the retention of the heart under these circumstances. Because there cannot be a violation of a mandatory duty in relation to one statute where another statute explicitly permits the action in question, the Plaintiff's allegations in relation to Section 27491.4(a) are insufficient to support the Second Cause of Action.

    **c. Plaintiff's Allegations Similarly Do Not Support Imposition Of A Duty Under Section 27491.45.**

The Coroner has the "right to retain parts of the body, as defined in subdivision (g) of Section 7150.1 of the Health and Safety Code, removed at the time of autopsy or acquired during a coroner's investigation as may, in the opinion of the coroner, be necessary or advisable for scientific investigation

Case No. 08-0766 JCS   7

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

and training." Gov't Code § 27491.45(a)(1). The referenced definition of the term "part" in the Health and Safety Code includes the word "organ."[3] Plaintiff not only does not dispute this, she also concedes in her complaint that the heart (the "cardiac specimen") was retained to "permit further detailed examination." FAC at 7, quoting Autopsy Report at 5. Plaintiff's complaint further acknowledges that this means the heart was retained for "scientific study" and "scientific investigation and research." FAC at 5-6. In other words, Plaintiff concedes that the heart was retained for the very "scientific investigation and training" permitted by Section 27491.45(a)(1).

Plaintiff unsuccessfully attempts to get around this complete defense to the imposition of a mandatory duty by suggesting that the Coroner breached the requirements of Section 27491.45(a)(2). Subsection (a)(2) requires consent *only* when a body part, including an "organ" under the definition of former Health and Safety Code Section 7150.1(g), is actually released by the Coroner to outside institutions "for *noncoroner* training, educational, and research purposes." *Id.* (emphasis added). Plaintiff's First Amended Compliant, however, does not allege that the heart ever left the custody of the Coroner or that the organ was used for any noncoroner purposes. The attached autopsy report states that the "cardiac specimen [was] retained to permit further detailed examination"—a task that is investigatory and a "coroner purpose" by definition. And Plaintiff alleges that the heart was returned to the Plaintiff upon her request *by the Coroner's office* and not from any third party. Subsection (a)(2) is therefore inapplicable, and no mandatory duty can have been imposed by that subsection.

### 3. Defendants Have Immunity Under The California Tort Claims Act.

Both the Coroner and the County are immune from liability under the California Tort Claims Act. *See* Mot. at 9-10. Rather than attempting to show that the language of Sections 820.2 and 815.2(b) are

---

[3] In 2007 the California Legislature repealed Section 7150.1 of the Health and Safety Code. Prior to its repeal, Section 7150.1 stated: "'Part' means an organ, tissue, eye, bone, artery, blood, fluid, or other portion of a human body or a pacemaker." *See* Levy Decl. Ex. A. That language has been re-codified as Section 7150.10 of the Health and Safety Code, which now states, "'Part' means an organ, an eye, or tissue of a human being. The term does not include the whole body." Health & Safety Code § 7150.10(a)(18). Although the Legislature did not amend Section 27491.45(a)(1) to reflect this change, the events at issue in this case are governed by the prior language. Regardless, both definitions include "organ" as part of the term "part."

inapplicable here, Plaintiff offers two inadequate arguments challenging tort immunity. First, Plaintiff provides a block quote on the issue of statutory interpretation. *See* Opp. at 9 (quoting *Halbert's Lumber, Inc. v. Lucky Stores, Inc.*, 6 Cal. App. 4th 1233, 1238-40 (1992)). The quoted language is inapplicable to the question of immunity under the Tort Claims Act.

Second, Plaintiff claims without support that she "has provided facts to support a claim of negligence that if proven at trial would entitle her to relief." Opp. at 9. This claim misses the mark in fundamental ways. To begin with, such unsupported statements are generally inadequate to challenge a dispositive motion. *See, e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045-46 (9th Cir. 1989) (on a motion for summary judgment, assertion of "conclusory allegations unsupported by factual data" is insufficient to oppose motion). But more importantly, it does not matter whether she has provided facts "to support a claim of negligence." The point of tort immunity is that no cause of action can be sustained against the government or its employees, even when negligence was present. Regardless of whether Plaintiff has alleged negligence, both the Coroner and the County are immune from having to defend such a cause of action because no liability can be imposed on them for negligence based on the facts as alleged.

Plaintiff also fails to address the plain language of Section 27491.4, which, as noted above, grants discretion to the Coroner both to conduct an investigation and to retain tissues that are "necessary or advisable" for either inquiry into the case or verification of the Coroner's findings. Gov't Code § 27491.4(a). On the facts alleged and information submitted by Plaintiff, the Coroner retained the heart for just such purposes. And the Plaintiff fails to address the discretion granted to the Coroner under Section 27491.45(a)(1), which applies given that the heart was never alleged to have left the Coroner's custody. Accordingly, as alleged by Plaintiff, the Coroner's office was acting within the range of discretion granted to it, and therefore neither the Coroner, as a public employee, nor the county can be held liable for negligence on these allegations. *See* Gov't Code §§ 820.2 (public employee immune to non-statutory claims arising out of exercise of employee's discretion), 815.2(b) (no liability for public entity where employee immune from liability).

### 4. Plaintiff's Conclusory Opposition Fails To Show A Right Entitling Her To Relief Under Section 1983 And Fails To Meet Her Burden Of Showing The Inapplicability Of Qualified Immunity.

Plaintiff's argument on her final cause of action consists of unsupported claims that a property

right exists so as to support application of 42 U.S.C. § 1983 and that there is no basis for application of qualified immunity. On the first point, as discussed above, Plaintiff provides no support other than two distinguishable cases. Without a showing of the existence of such a property right, there is nothing that can trigger a cause of action under Section 1983.

Further, Plaintiff devotes only three sentences that even arguably respond to Defendants' invocation of qualified immunity. *See* Opp. at 10. Plaintiff claims "[t]he allegations of the complaint ha[ve] provided factual claims under which plaintiff may recover and therefore this complaint should not be dismissed and there should be a trial on the merits." Opp. at 10. Given the lack of any support, this conclusory statement should be treated as a concession of the applicability of qualified immunity in light of the Plaintiff's burden. *See* Mot. at 13; *see also Davis v. Scherer*, 468 U.S. 183, 197 (1984) (burden is on plaintiff to establish that the rights she claims were violated are "clearly established").

Plaintiff's further claim that "the issue is whether the existing law provided adequate due process" is wrong. Opp. at 10. The issue on a claim of qualified immunity is not "whether the existing law provided adequate due process." The point of qualified immunity is to give government employees who lack legal expertise the ability to perform their duties without having to second-guess every decision. Accordingly the question is framed in terms of whether the right at issue was established so clearly that the employee at the time would have had notice of that right. On the Plaintiff's allegations, the question is whether, notwithstanding the statutory authority to the contrary, there existed at the time of the autopsy a clearly established right prohibiting the Coroner from retaining the deceased's heart for purposes of further "inquiry into the case," "verification of [the Coroner's] findings," or "scientific investigation and training." Gov't Code §§ 27491.4(a), 27491.45(a)(1). Plaintiff has not come close to meeting her burden in showing such a right. Aside from the statutes expressly authorizing the Coroner's office to act exactly as it did on the facts as alleged, Plaintiff cites no authority for the proposition that such a right was clearly established. In failing to show such a right, Plaintiff's Fourth Cause of Action is barred by qualified immunity. *See Act-Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993).

## IV.   CONCLUSION

For the reasons outlined in Defendants' briefs, their motion to dismiss should be granted.

///

| | |
|---|---|
| Dated: March 21, 2008 | Respectfully submitted,<br><br>MICHAEL P. MURPHY, COUNTY COUNSEL<br><br><br>By: _____/s/_____<br>      Glenn M. Levy, Deputy<br><br>Attorneys for Defendants<br>COUNTY OF SAN MATEO and ROBERT FOUCRAULT, individual and as Coroner, SAN MATEO COUNTY |