Ayanna L. Jenkins-Toney, Esq. (SBN 224847)
LAW OFFICES OF AYANNA L. JENKINS TONEY
225 Bush Street 16 TH Floor
San Francisco, CA 94104
Telephone: (415) 464-4974
Facsimile:  (415) 464-4975
Email:      AyannaJ@msn.com

Attorney for Plaintiff
ISOLINA PICON

MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: John D. Nibblelin, Deputy (SBN 184603)
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-1965
Facsimile:  (650) 363-4034

Attorneys for Defendants
County of San Mateo, Robert Foucrault, individual and as Coroner,
San Mateo County

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ISOLINA PICON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN MATEO, ROBERT FOUCRAULT, individually and as Coroner, San Mateo County<br>　　　　　Defendants. | Case No.: C-08-0766-SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　June 6, 2008<br>Time:　10:00 A.M.<br>Dept.: Courtroom 1 |

The parties jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this action:

1. **Jurisdiction and Service.**

---

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

1

This Court has original subject matter jurisdiction over Plaintiff's claims as they arise under 28 U.S.C. § 1441.

2. **Facts.**

Plaintiff Isolina Picon is the mother of Nicholas Picon who died of intramural tunneling of the left anterior artery (heart attack) at the age of 23. Upon his death the Corner of the County of San Mateo took possession of the decedents remains. The defendant's claim that the entire heart organ was retained to permit further investigation into the cause of death. Plaintiff contends that the autopsy was over and the absence of toxicology tests played no role in the decision to retain the entire heart organ. Plaintiff further alleges that the reason she was told the heart was retained was so that it could be studied at Stanford University in order to permit scientific research. What is undisputed however, is the fact that the plaintiff was *not* informed by the Coroner's office of the County of San Mateo that the entire heart organ was not with the rest of the remains of Nicholas Picon at the time of his burial.

3. **Legal issues.**

   a. Whether the plaintiff's was denied a recognizable "quasi-property right", when the Coroner of the County of San Mateo authorized the retention of the entire heart organ of her deceased son Nicholas Picon without obtaining her consent prior to his burial.

   b. Whether the Coroner of the County of San Mateo breached the mandatory duties under Government Code § 815.6 by willfully violating California Government Code §§ 27491.4(a), 27491.45(a)(1), 27491.45(a)(2) and Health and Safety Code Sections 7150.1(g), 7150.2(c)(1) which would give rise to a valid claim for which relief may be granted.

   c. Whether the actions of the Coroner of the County of San Mateo give rise to liability under principles of negligence where a duty has been established and a breach has been claimed giving rise to damages.

   d. Whether the Coroner of the County of San Mateo unconstitionality denied the plaintiff Isolina Picon due process of law when making the unilateral decision to retain the entire heart organ of Nicholas Picon without obtaining her consent, and whether the actions of the Coroner were based

on the belief that he was acting under color of any statute at the time of the taking, which would give rise to a constitutional claim under 28 U.S.C. § 1441; Specifically §1983 of Title 42.

4. **Motions.**

Plaintiff anticipates filing a motion for summary judgment.

Defendants have a 12(b)(6) motion pending.

5. **Amendment of Pleadings.**

Plaintiff anticipates adding additional defendants as discovery progresses.

6. **Evidence Preservation**

Defendant is taking and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Plaintiff is presently aware of no destruction programs that would apply in this case.

7. **Disclosures.**

Parties exchanged initial disclosures on April 24, 2008.

8. **Discovery Taken to Date.**

Plaintiff served the Defendants with two items of discovery; interrogatories under Rule 33 and Plaintiff requested a production of documents under Rule 34. At this time issues remain regarding the Defendant's response to said requests. Plaintiff requests a departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and the 10-deposition limit under Rule 30.

9. **Class Action.**

Unknown at this time.

10. **Related Cases.**

*Newman v. Sathyavaglswaran* 287 F. 3d 786, 789-800 (9th Cir. 2002).

11. **Relief.**

Plaintiff seeks hospital, medical, and other health care expenses; general and none economic punitive damages of at least $10,000,000; costs of suit; interest, and any other remedy available and appropriate.

12. **Settlement and ADR.**

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

3

The parties have not participated in any settlement discussions, but have agreed to Mediation, which is to be conducted by Daniel Bowling prior to August 8, 2008.

13. **Consent to Magistrate Judge.**

    Defendants did not consent to Magistrate Judge.

14. **Other References.**

    None at this time.

15. **Narrowing of Issues.**

    None at this time.

16. **Expedited Schedule.**

    The parties do not believe an expedited schedule is appropriate for this case.

17. **Scheduling.**

    Proposed fact discovery cutoff: 10/06/08

    Proposed cutoff for initial expert reports: 10/06/08

    Proposed expert discovery cutoff: 10/06/08

    Proposed dispositive motion hearing cutoff: 10/06/08

    Proposed pretrial conference date: 12/08/08

    Proposed trial date: 01/12/09

18. **Trial.**

    The trial is expected to last 7-13 days.

19. **Disclosure of Non-Part Interested Entities or Persons.**

    None known by the parties at this time. As a governmental agency, Defendant County of San Mateo is exempt from the disclosure requirement.

20. **Other matters.**

    None at this time.

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Dated: May 28, 2008

Respectfully Submitted,

By: /s/ Ayanna L. Jenkins-Toney
Ayanna L. Jenkins-Toney, Esq.
Attorney for Plaintiff
Isolina Picon

Dated: May 29, 2008

_____
John D. Nibblelin
Attorney for Defendants
County of San Mateo,
Robert Foucrault,
individually and as Coroner, San
Mateo County

## PROPOSED ORDER

The Case Management Statement and Proposed Order is hereby adopted by this court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

I IS SO ORDERED.

Dated: _____

_____
SAMUEL CONTI
United States District Court Judge

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

5