Ayanna L. Jenkins-Toney, Esq. (SBN 224847)
LAW OFFICES OF AYANNA L. JENKINS TONEY
225 Bush Street 16 TH Floor
San Francisco, CA 94104
Telephone: (415) 464-4974
Facsimile:  (415) 464-4975
Email:       AyannaJ@msn.com

Attorney for Plaintiff
ISOLINA PICON

MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: Glenn M. Levy, Deputy (SBN 219029)
By: John D. Nibblelin, Deputy (SBN 184603)
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-1965
Facsimile:  (650) 363-4034
Email:       glevy@co.sanmateo.ca.us
             jnibbelin@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO and ROBERT FOUCRAULT,
individual and as Coroner, San Mateo County

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ISOLINA PICON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN MATEO, ROBERT FOUCRAULT, individually and as Coroner, San Mateo County<br>　　　　Defendants. | Case No.: C-08-0766-SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  June 6, 2008<br>Time: 10:00 A.M.<br>Dept.: Courtroom 1 |

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

1

The parties jointly submit this Case Management Conference Statement. Where the parties have differing views as to a specific topic, the respective positions of the parties are listed.

1. **Jurisdiction and Service.**

   This Court has original subject matter jurisdiction over Plaintiff's claims as they arise under 28 U.S.C. § 1441.

2. **Facts.**

   Plaintiff's statement: Plaintiff Isolina Picon is the mother of Nicholas Picon who died of intramural tunneling of the left anterior artery (heart attack) at the age of 23. Upon his death the Corner of the County of San Mateo took possession of the decedents remains. The defendant's claim that the entire heart organ was retained to permit further investigation into the cause of death. Plaintiff contends that the autopsy was over and the absence of toxicology tests played no role in the decision to retain the entire heart organ. Plaintiff further alleges that the reason she was told the heart was retained was so that it could be studied at Stanford University in order to permit scientific research. What is undisputed however, is the fact that the plaintiff was *not* informed by the Coroner's office of the County of San Mateo that the entire heart organ was not with the rest of the remains of Nicholas Picon at the time of his burial.

   Defendants' statement: Defendants do not agree it is undisputed that the plaintiff was not told of the retention of the decedent's heart at or around the time of the burial of the remains. In addition to the issues identified above, Defendants provide the following general chronology:

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

2

10/25/06 – police report death of Nicholas Picon; Coroner's Office investigates

10/26/06 – Coroner's Office begins autopsy, removes samples for analysis; body returned to family pending outcome of investigation

10/29/06 – additional examination of the retained heart conducted by Coroner's Office

11/13/06 – Plaintiff contacts Coroner's Office with inquiry about retention of organs by Coroner's Office

11/16/06 – San Mateo Coroner has further discussions with Plaintiff and states decedent's heart would be returned to Plaintiff

11/20/06 – Coroner's Office has another discussion with Plaintiff; heart returned to Plaintiff in person by San Mateo Coroner

3. **Legal issues.**

Plaintiff's statement:

a. Whether the plaintiff's was denied a recognizable "quasi-property right", when the Coroner of the County of San Mateo authorized the retention of the entire heart organ of her deceased son Nicholas Picon without obtaining her consent prior to his burial.

b. Whether the Coroner of the County of San Mateo breached the mandatory duties under Government Code § 815.6 by willfully violating California Government Code §§ 27491.4(a), 27491.45(a)(1), 27491.45(a)(2) and Health and Safety Code Sections 7150.1(g), 7150.2(c)(1) which would give rise to a valid claim for which relief may be granted.

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

3

  c. Whether the actions of the Coroner of the County of San Mateo give rise to liability under principles of negligence where a duty has been established and a breach has been claimed giving rise to damages.

  d. Whether the Coroner of the County of San Mateo unconstitionality denied the plaintiff Isolina Picon due process of law when making the unilateral decision to retain the entire heart organ of Nicholas Picon without obtaining her consent, and whether the actions of the Coroner were based on the belief that he was acting under color of any statute at the time of the taking, which would give rise to a constitutional claim under 28 U.S.C. § 1441; Specifically §1983 of Title 42.

<u>Defendants' statement:</u>  Defendants agree that items a. through d. listed above are disputed legal issues, including but not limited to whether any violation (if one occurred) was willful and whether any duties as alleged were established.  In addition, Defendants are not yet able to address the full scope of legal issues relating to their defenses given that Defendants still have a Rule 12(b)(6) challenge to the Amended Complaint pending and no answer has yet been filed.  Depending on the outcome of the Rule 12(b)(6) motion, additional specific legal defenses may be applicable.

**4. Motions.**

<u>Plaintiff's statement:</u>  Plaintiff anticipates filing a motion for summary judgment. Defendants have a 12(b)(6) motion pending.

<u>Defendants' statement:</u>  In addition to motions mentioned by Plaintiff, Defendants believe a discovery motion relating to Plaintiff's amended initial disclosures may be necessary if concerns about the content of the disclosure are not resolved.  In addition,

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

4

depending on the outcome of the pending Rule 12(b)(6) motion challenging Plaintiff's Amended Complaint, other motions may be necessary, including but not limited to further Rule 12(b)(6) challenge to any amended complaint and a summary judgment motion addressing any remaining causes of action.

**5. Amendment of Pleadings.**

<u>Plaintiff's statement:</u>  Plaintiff anticipates adding additional defendants as discovery progresses.

<u>Defendants' statement:</u>  As no answer has yet been filed, it is premature to discuss amendment of defenses.  Defendants do not anticipate asserting any counterclaims.

**6. Evidence Preservation**

Defendant is taking and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. Plaintiff is presently aware of no destruction programs that would apply in this case.

**7. Disclosures.**

<u>Plaintiff's statement:</u>  Parties exchanged initial disclosures on April 24, 2008.

<u>Defendants' statement:</u>  In light of issues raised by Defendants relating to the April 24 initial disclosure served by Plaintiff, Plaintiff agreed to amend her initial disclosure and served a new version on May 7, 2008.  Defendants still have concerns about the Plaintiff's compliance with Rule 26(a)(1)(C) relating to computation of damages. Defendants believe that the one-page description of damages provided by Plaintiff does not satisfy the requirements of Rule 26(a)(1)(C), and Defendants also continue to request production of documentation supporting any calculation of damages as required by that

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

5

rule.  Defendants will continue their attempt to resolve these concerns informally in the hopes of avoiding a discovery motion.

8. **Discovery Taken to Date.**

   Plaintiff's statement:  Plaintiff served the Defendants with two items of discovery; interrogatories under Rule 33 and Plaintiff requested a production of documents under Rule 34. At this time issues remain regarding the Defendant's response to said requests. Plaintiff requests a departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and the 10-deposition limit under Rule 30.

   Defendants' statement:  Defendants anticipate taking discovery into the scope of the Plaintiff's claimed damages, including but not limited to the medical expenses she claims to have already incurred.  Defendants also anticipate taking the deposition of the Plaintiff before trial and to take discovery from any expert witnesses.  Because Defendants do not yet know the scope of the claims that will survive their Rule 12(b)(6) motion, Defendants are unable to address any other scope of anticipated discovery other than to note that for now there does not seem to be a need to depart from the limits on discovery imposed by the Federal Rules.  Defendants believe any departure can be addressed with the Court as the need arrives.  The Rule 26(f) discovery plan is being submitted to the Court with this Case Management Conference Statement.

9. **Class Action.**

   Plaintiff's statement:  Unknown at this time.

   Defendants' statement:  This is not a class action.

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

6

**10. Related Cases.**

There are no related cases currently pending under the definition provided in Civil Local Rule 3-12(a).

**11. Relief.**

<u>Plaintiff's statement:</u>  Plaintiff seeks hospital, medical, and other health care expenses; general and none economic punitive damages of at least $10,000,000; costs of suit; interest, and any other remedy available and appropriate.

<u>Defendants' statement:</u>  Defendants do not agree that the statement of damages above or the statement of damages served by Plaintiff with the Summons adequately describe "the bases on which damages are calculated" as required by item 11 of the Standing Order For All Judges Of The Northern District Of California:  Contents Of Joint Case Management Statement.  Defendants will continue their effort to obtain information about the bases of Plaintiff's claimed damages, but at present Defendants lack any information about the specific basis for any of Plaintiff's claims of damages and are therefore unable to describe any bases on which they content damages should be calculated if liability is established.  In addition, until there is a ruling on the pending Rule 12(b)(6) motion, Defendants are unable to determine which causes of action might lead to liability so as to permit them to make the requested statement of calculation of damages.  Defendants will provide the requested information as soon as these two issues are resolved.

**12. Settlement and ADR.**

The parties have not participated in any settlement discussions, but have agreed to Mediation, which is to be conducted by Daniel Bowling prior to August 8, 2008.

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

7

**13. Consent to Magistrate Judge.**

Defendants did not consent to Magistrate Judge.

**14. Other References.**

None at this time.

**15. Narrowing of Issues.**

None at this time.

**16. Expedited Schedule.**

The parties do not believe an expedited schedule is appropriate for this case.

**17. Scheduling.**

Plaintiff's statement:

Proposed fact discovery cutoff: 10/06/08

Proposed cutoff for initial expert reports: 10/06/08

Proposed expert discovery cutoff: 10/06/08

Proposed dispositive motion hearing cutoff: 10/06/08

Proposed pretrial conference date: 12/08/08

Proposed trial date: 01/12/09

Defendants' statement:

Defendants believe any determination of scheduling should be based upon the date of answer after all Rule 12(b) issues have been resolved, including any arising from any subsequent amendment of Plaintiff's Amended Answer based on the outcome of the pending motion. This assertion is made on the basis that the full scope of discovery is

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

8

not yet known and will not be determined until the pleadings are closed. Once the pleadings are closed, Defendants believe the following to be an appropriate schedule:

**Fact discovery cutoff**: 6-8 months after answer

**Deadline for initial expert reports**: discovery cutoff plus 1-2 months

**Expert discovery cutoff**: initial expert report deadline plus 1-2 months

**Deadline for filing dispositive motions**: discovery cutoff plus 1-2 months

**Deadline for hearing dispositive motions**: 35 days after filing motion per Local Rule 7-2

**Pretrial conference**: 2-4 weeks after expert discovery cutoff

**Trial date**: 4-6 weeks after expert discovery cutoff

18. **Trial.**

Plaintiff's statement: The trial is expected to last 7-13 days.

Defendants' statement: Without knowing the scope of Plaintiff's claims pending resolution of the Rule 12(b)(6) motion, Defendants are unable to estimate the length of the trial. At present, Defendants do not believe it will take longer than Plaintiff's estimation of 7-13 days.

19. **Disclosure of Non-Part Interested Entities or Persons.**

None known by the parties at this time. As a governmental agency, Defendant County of San Mateo is exempt from the disclosure requirement.

20. **Other matters.**

Plaintiff's statement: None at this time.

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

9

1  <u>Defendants' statement:</u> Plaintiff has proposed that this Case Management Conference
2  Statement be used as a Case Management Order. Defendants do not believe that this
3  statement is suitable for serving as a Case Management Order, and Defendants
4  respectfully submit that a case management order can be drafted based on the outcome of
5  the Case Management Conference.

Respectfully Submitted,

Dated: May 30, 2008

By: _____
Ayanna L. Jenkins-Toney, Esq.
Attorney for Plaintiff
Isolina Picon

Dated: May 30, 2008

By: _____
Glenn M. Levy
Attorney for Defendants
County of San Mateo and
Robert Foucrault

Case No. 08-0766-SC
**JOINT CASE MANAGEMENT STATEMENT**

10

1 | Ayanna L. Jenkins-Toney, Esq. (SBN 224847)
LAW OFFICES OF AYANNA L. JENKINS TONEY
2 | 225 Bush Street 16 TH Floor
San Francisco, CA 94104
3 | Telephone: (415) 464-4974
Facsimile:  (415) 464-4975
4 | Email:      AyannaJ@msn.com

Attorney for Plaintiff
5 | ISOLINA PICON

6 | MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: Glenn M. Levy, Deputy (SBN 219029)
7 | By: John D. Nibblelin, Deputy (SBN 184603)
400 County Center, 6th Floor
8 | Redwood City, CA 94063
Telephone: (650) 363-1965
9 | Facsimile:  (650) 363-4034
Email:      glevy@co.sanmateo.ca.us
10 |             jnibbelin@co.sanmateo.ca.us

Attorneys for Defendants
11 | COUNTY OF SAN MATEO and ROBERT FOUCRAULT,
individual and as Coroner, San Mateo County

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ISOLINA PICON, | ) Case No.: C-08-0766-SC |
| | ) |
| Plaintiff, | ) **JOINT RULE 26(F) REPORT** |
| | ) **OUTLINING THE DISCOVERY PLAN** |
| vs. | ) |
| | ) |
| COUNTY OF SAN MATEO, ROBERT | ) |
| FOUCRAULT, individually and as Coroner, | ) |
| San Mateo County | ) |
| | ) |
| Defendants. | ) |

---

Case No. 08-0766-SC
**JOINT RULE 26(F) REPORT OUTLINING DISCOVERY PLAN**

1

The parties hereby submit the following report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Where the parties have differing views as to a specific topic, the respective positions of the parties are listed.

**Rule 26(f)(3)(A):**

There should be no change made in the timing, form or requirement for disclosure under Rule 26(a). Initial disclosures where made on April 24, 2008.

**Rule 26(f)(3)(B):**

Plaintiff's statement: The subject of discovery is broad and encompasses all facts, actions and occurrences related to the handling and disposal of the heart of the son of plaintiff commencing at the moment of his death through the date of response to the discovery requests. When the discovery is completed depends on Defendants and whether Defendants will voluntarily and completely comply with the outstanding discovery requests. Plaintiff sees no reason for any limitation on the discovery. The discovery will be conducted in stages. After the Interrogatories and Documents requests are fully responded to, Request for Admissions and further interrogatories and document request will be propounded followed by the appropriate depositions.

Defendants' statement: Defendants do not believe discovery needs to be conducted in stages. Discovery should be limited to the scope of issues relating to the investigation of the cause of death of Nicholas Picon and should not cover the time period prior to his death. In addition, discovery will be needed as outlined in the Joint Case Management Conference

Case No. 08-0766-SC
**JOINT RULE 26(F) REPORT OUTLINING DISCOVERY PLAN**

2

Statement, including into the bases for the calculations of Plaintiff's claimed damages. Defendants anticipate discovery will be completed on the timeline provided in the Joint Case Management Conference Statement.

**Rule 26(f)(3)(C):**

<u>Plaintiff's statement</u>: *At this time Plaintiff foresees many issues about disclosure or discovery of electronically stored information due to the copies that were provided during initial disclosure which did not contain the original signatures of the alleged authors. At this time Plaintiff request that the original documents should be produced for copying.*

<u>Defendants' statement</u>:

Defendants believe Plaintiff's statement in this regard does not deal with electronic documents, which is the subject of Rule 26(f)(3)(C). If necessary, Defendants will provide access to original documents at a mutually agreed-upon time and location at the Plaintiff's expense given that Defendants have already produced copies of the relevant documents and also agree to provide additional copies of documents that Plaintiff claims are difficult to read.

**Rule 26(f)(3)(D):**

<u>Plaintiff's statement</u>: At this time Plaintiff does not foresee any issues regarding any claims of privilege or production.

<u>Defendants' statement</u>:

Defendants request that the parties agree upon a procedure for the exchange of privilege logs.

Case No. 08-0766-SC
**JOINT RULE 26(F) REPORT OUTLINING DISCOVERY PLAN**

**Rule 26(f)(3)(E):**

<u>Plaintiff's statement</u>:  There should be no changes made in the limitations on discovery at this time.  This may changed if defendant is less than candid and forthright in the discovery responses.

<u>Defendants' statement</u>:  Defendants agree no changes on the limitations on discovery are needed at this time.  To the extent that Plaintiff seeks information about her son's medical history prior to the date of his death in the possession of the County of San Mateo, Defendants ask the Court to address how any such information is relevant to this action before Plaintiff be permitted to conduct discovery into an area that is not related to the causes of action at issue in this case.

**Rule 26(f)(3)(F):**

<u>Plaintiff's statement</u>:  At this time Plaintiff does not foresee any other orders that the court should issue under Rule 26(c) or Rule 16(b) and (c).

<u>Defendants' statement</u>:  Defendants believe the Court should address whether Plaintiff wishes to have a protective order in place relating to the filing of any documents that contain sensitive information about the circumstances of her son's death.

Defendants also believe the date for joining additional parties and amending the pleadings should be set two months before the close of fact discovery.

/ / /

/ / /

/ / /

---

Case No. 08-0766-SC
**JOINT RULE 26(F) REPORT OUTLINING DISCOVERY PLAN**

4

05/30/2008 18:21   sb concerge   (FAX)831 644 7949
Case 3:08-cv-00766-SC   Document 25-2   Filed 05/30/2008   Page 5 of 5
MAY-30-2008 15:21   SMC COUNTY COUNSEL   650 363 4034   P.16/16



Respectfully Submitted,

Dated: May 30, 2008

By: _____
Ayanna L. Jenkins-Toney, Esq.
Attorney for Plaintiff
Isolina Picon

Dated: May 30, 2008

By: _____
Glenn M. Levy
Attorney for Defendants
County of San Mateo and
Robert Foucrault

Case No. 08-0766-SC
JOINT RULE 26(F) REPORT OUTLINING DISCOVERY PLAN

5