United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISOLINA PICON, | No. C-08-766 SC |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION; REMANDING CASE TO SAN MATEO SUPERIOR COURT |
| v. | |
| COUNTY OF SAN MATEO, ROBERT FOUCRAULT, individual and as Coroner, SAN MATEO COUNTY, | |
| Defendants. | |

I. **INTRODUCTION**

Isolina Picon ("Plaintiff" or "Picon") sued the County of San Mateo and County Coroner, Robert Foucrault ("Coroner," collectively "Defendants"), in San Mateo County Superior Court, alleging that after her son died of natural causes, the Coroner's office returned the body to her without informing her that they had retained her son's heart. Picon brought causes of action for breach of the right to control the disposition of the remains of a deceased person, breach of a mandatory duty, negligent infliction of emotional distress, and denial of due process under 42 U.S.C. § 1983. See Supp. Notice of Removal, Docket No. 3, Ex. A-9 ("FAC").[1] Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 on the grounds that the section 1983 claim is within the Court's original jurisdiction. See Notice of Removal,

---

[1] The complaint on which Defendants based removal was the First Amended Complaint in the state court proceedings.

1  Docket No. 1.

2  Now before the Court is Defendants' Motion to Dismiss
3  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure
4  ("Motion").  Docket No. 9.  Picon filed an Opposition and
5  Defendants filed a Reply.  Docket Nos. 14, 15.  Having considered
6  the parties' arguments in full, the Court hereby GRANTS
7  Defendants' Motion with respect to the Fourth Cause of Action.
8  The Court REMANDS the matter to the San Mateo County Superior
9  Court for consideration of the remaining causes of action.

**II.  BACKGROUND**

According to the FAC, Plaintiff's son Nicholas Picon died of natural causes on October 25, 2006.  He was 23 years old.  The Coroner conducted an autopsy on October 26, 2006.  After the autopsy, the Coroner retained Nicholas Picon's heart and released the remainder of Nicholas's body to the funeral home.  According to the autopsy report, the Coroner conducted an additional examination of the heart on October 29.  See FAC Ex. A at 3, 5 ("Report").

Plaintiff had a funeral for her son on October 30, 2006. Following the funeral, Plaintiff learned for the first time that the Coroner had retained the heart.  On November 13, Plaintiff requested a copy of the Report.  After reviewing the Report, Plaintiff contacted the district attorney and the Coroner. Plaintiff repeatedly requested that her son's heart be returned. On November 21, the Coroner returned the heart to Plaintiff.

Plaintiff alleges that by retaining her son's heart for the

2

period between October 26 and November 21, 2006, the Coroner denied her a quasi-property right to control the disposition of the remains of her son, breached a mandatory duty, negligently inflicted emotional distress, and deprived her of her property interest in the remains of her son without due process.

### III. **PROCEDURAL ISSUES**

Before addressing the merits of Defendants' Motion, the Court must consider procedural concerns raised in Plaintiff's Opposition. Plaintiff asserts that Defendants' Motion should be denied because Defendants failed to attach a proposed order, in violation of Civil Local Rule 7-2(c), and because Defendants did not provide a supporting declaration, in violation of Civil Local Rule 7-5(a). Failure to comply with the Civil Local Rules may be grounds for the imposition of any authorized sanction. See Civ. L.R. 1-4.

An affidavit or declaration is only required where the moving party makes factual contentions or offers documentary evidence in support of its motion. Civ. L.R. 7-5(a). Defendants brought their Motion pursuant to Federal Rule of Civil Procedure 12(b)6), arguing that, even if the allegations of the FAC are true, Plaintiff has failed to state a claim on which relief can be granted. The Court resolves the Motion on the face of the pleadings; as such, no affidavit or declaration was necessary.

Unless excused by the Court, a motion must be accompanied by a proposed order. Civ. L.R. 7-2(c). Defendants did not provide a proposed order until they submitted their reply brief. See Docket

No. 16. As the Motion makes clear that the relief Defendants seek is dismissal of all claims, Plaintiff suffered no prejudice by the delayed submission of a proposed order. The purpose of the Civil Local Rules is to "promote the just, efficient, speedy and economical determination of every action and proceeding." Civ. L.R. 1-2(b). The delayed submission did not interfere with this purpose, so the Court sees no reason to impose the severe sanction of denying the Motion solely on this basis.[2]

## IV. **LEGAL STANDARD**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all reasonable inferences in its favor. See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). Furthermore, the court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). At the pleading stage, the plaintiff "need only

---

[2] The Court notes that Plaintiff's entire Opposition was submitted with formatting in violation of Civil Local Rule 3-4(c)(2). Were the Court to require the strict adherence to the Civil Local Rules that Plaintiff advocates, Plaintiff's brief would be stricken.

4

show that the facts alleged, if proved, would confer standing upon him." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).

When considering a motion to dismiss, the court is generally limited to the allegations in the complaint, without extrinsic evidence. See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). However, where another document is attached to the complaint, as it was here, the court may treat that document as part of the complaint and consider it when ruling on a motion to dismiss. See id.; Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). The Court therefore considers the contents of the Report, attached to the FAC as an exhibit, part of Plaintiff's factual allegations.

## V.  DISCUSSION

Plaintiff's Fourth Cause of Action is for deprivation of a property right without due process, in violation of the Fourteenth Amendment. Section 1983 of Title 42 creates a cause of action for such deprivation:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To prevail on an action brought under section

5

1983, a plaintiff must prove three elements: (1) a property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of required process. See Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). The existence of a protected property interest is a question of state law. Id.

Plaintiff's attempts to identify the protected property interest at issue are unsuccessful. In the FAC, Plaintiff states:

> Here, the San Mateo County Coroner deprived plaintiff Isolina Picon of the heart of her deceased son for nearly thirty days. The actions of the County Coroner caused a deprivation of plaintiffs' property without due process of law in violation of the Fourteenth Amendment. The heart was retained without the knowledge of the plaintiff and without an attempt to notify her and request consent to retain the organ for scientific purposes.

FAC at 14-15. Plaintiff barely even addresses the section 1983 claim in her Opposition, other than this brief discussion:

> Here, the entire heart organ of the plaintiffs [sic] deceased son was removed and retained by the Coroner of the County of San Mateo which resulted in her being deprived of the right to determine the disposition of his remains at burial. Since, the law recognizes the quasi property right of the remains of a deceased person the second prong has been sufficiently plead.

Opp'n at 9-10.

Regardless of whether the alleged property interest in question is the right to possess the deceased son's heart or the right to determine the disposition of the deceased son's remains, Plaintiff's claim fails. Plaintiff relies on the Ninth Circuit decision in Newman v. Sathyavaglswaran, 287 F.3d 786 (9th Cir.

6

2002). See FAC at 13; Opp'n at 6. In Newman, the coroner had removed a deceased child's corneas without the parents' consent. Newman, 287 F.3d at 788. The parents brought suit under section 1983, claiming that their right to possess the body of a deceased family member was a property interest protected by the Fourteenth Amendment. Id. The court held that the "parents had property interests in the corneas of their deceased children protected by" the Fourteenth Amendment. Id. at 796.

To the extent Plaintiff's claim is based on a property interest in the heart itself, Newman is distinguishable. The court's conclusion in that case cannot be extended to body parts other than corneas, as the court based its decision on California Government Code section 27491.47(a), which at the relevant time, authorized coroners to "remove and release or authorize the removal and release of corneal eye tissue from a body within the coroner's custody, if . . . the coroner has no knowledge of objection to the removal . . . ." See id. at 788 n.1 (quoting Cal. Gov't Code § 27491.47(a))(omission in original), 795. The court acknowledged more than once that the provisions governing the disposition of corneas were different from those governing the disposition of other body parts. See id. at 795 n.11, 796, 798 n.15 (distinguishing Cal. Gov't Code § 24791 and Cal. Health & Safety Code § 7151.5). The court found that the statute conferred a property interest in the corneas by requiring the coroner to seek consent, and then simultaneously deprived the plaintiffs of that interest without adequate process, by allowing the coroner to proceed if he is unaware of objections when he has not actually

7

1  sought consent.  See id. at 799.  Here, contrary to Plaintiff's
2  assertion, nothing in the statute creates a property interest in
3  decedent's heart.  California Government Code section 27491.4(a),
4  which authorizes coroners to perform autopsies, provides in part:

> The coroner shall have the right to retain
> only those tissues of the body removed at the
> time of the autopsy as may, in his or her
> opinion, be necessary or advisable to the
> inquiry into the case, or for the verification
> of his or her findings. No person may be
> present during the performance of a coroner's
> autopsy without the express consent of the
> coroner.

10 Cal. Gov't Code § 27491.4(a).  Unlike the provision governing
11 corneas in Newman, this statute vests sole discretion with the
12 coroner, with no allowance for objection.  Newman only found a
13 property interest because of the allowance for objection; as such
14 allowance is not present here, this statute cannot be said to
15 confer a property right.  See Newman, 287 F.3d at 799.
16      Plaintiff also invokes California Government Code section
17 27491.45(a).  That statute vests the coroner with the right to
18 retain body parts for scientific investigation and training:

> The coroner shall have the right to retain
> parts of the body, as defined in subdivision
> (g) of Section 7150.1 of the Health and Safety
> Code, removed at the time of autopsy or
> acquired during a coroner's investigation as
> may, in the opinion of the coroner, be
> necessary or advisable for scientific
> investigation and training. The coroner may
> employ or use outside laboratories, hospitals,
> or research institutions in the conduct of the
> coroner's scientific investigation or
> training.

26 Cal. Gov't Code § 24791.45(a)(1).  Like section 27491.4(a), this
27 statute gives the coroner full discretion without the requirement

8

1 of notice or opportunity to object, and therefore does not create
2 a property interest.  See Newman, 287 F.3d at 799.  Consent is
3 only necessary if the coroner releases retained body parts to
4 "hospitals, medical educational research institutions, [or] law
5 enforcement agencies for noncoroner training, educational, and
6 research purposes . . . ."  Cal. Gov't Code § 24791.45(a)(2).  At
7 most, this creates a limited property interest in the disposition
8 of tissues released to third-parties.  It does not, however,
9 create the property interest Plaintiff claims.

10     Even assuming, arguendo, that Plaintiff has established a
11 property interest, she has not alleged facts showing a deprivation
12 of that interest.  If the claimed interest is in the heart itself,
13 Plaintiff's reliance on Newman is misplaced.  In that case, the
14 corneas were donated to non-profit eye banks for transplant.
15  Newman, 287 F.3d at 795.  By contrast, Plaintiff here recovered
16 the heart after asking Defendants for it.  To the extent the
17 property interest is in disposition of Plaintiff's son's remains,
18 the facts alleged demonstrate that the Coroner acted within his
19 statutory authority, so Plaintiff had no property interest.  If
20 the Coroner retained the heart for either further investigation of
21 the cause of death or for verification of his findings, he was
22 authorized to do so by California Government Code section
23 24791.4(a).  The Report shows that after reaching the initial
24 conclusion regarding the cause of death on October 26, the Coroner
25 continued to investigate the matter on October 29.  Even
26 Plaintiff's allegation that the Coroner had transferred the heart
27 to Stanford for study does not trigger a notice obligation, as

9

California Government Code section 27491.45(a)(1) authorizes him to "employ or use outside laboratories, hospitals, or research institutions in the conduct of the coroner's scientific investigation or training."

Because Plaintiff has failed to identify a property interest protected by the Fourteenth Amendment, she has failed to satisfy the first element of a section 1983 claim. Even if the property interests Plaintiff claims were protected, however, she has failed to allege facts sufficient to show that she was deprived of those interests. Plaintiff's section 1983 claim is therefore dismissed.

**VI. JURISDICTION**

Of the four causes of action in the FAC, the only one providing a basis for this Court's jurisdiction on removal was the section 1983 claim. See Notice of Removal; 28 U.S.C. § 1441(c). Because that claim has been dismissed, the Court declines to exercise its supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c); Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001) ("Under 28 U.S.C. § 1367(c)(3), a district court has discretion to elect not to exercise supplemental jurisdiction over state claims if it has dismissed the federal claims over which it had original jurisdiction.").

**VII. CONCLUSION**

For the reasons set forth above, the Court concludes that Plaintiff has failed to allege facts sufficient to state a claim

10

under 42 U.S.C. § 1983.  The Court therefore GRANTS Defendants' Motion with respect to the Fourth Cause of Action and ORDERS as follows:

1. Plaintiff's Fourth Cause of Action for unconstitutional deprivation of property under 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE.

2. This matter is REMANDED to the San Mateo County Superior Court for further action on the remaining claims.

IT IS SO ORDERED.

Dated: July 10, 2008



UNITED STATES DISTRICT JUDGE